Miller *v.* Siebert, Appellant.

Argued March 21, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*E. T. Adair,* with him *C. J. Tannehill* and *D. K. Ferree,* for appellant.—Failure to file an affidavit of defense does not dispense with proof as to the instrumentality involved in the occurrence and charged with the responsibility therefor, nor does it relieve plaintiff from the burden of proving the accident, defendant's negligence and other facts necessary to support his case: Flanigan v. McLean, 267 Pa. 553.

That the court committed an error in admitting paragraphs in the statement of claim tending to prove negligence and describing the accident, has been decided many times by this court: Flanigan v. McLean, 267 Pa. 553; Fleccia v. Atkins, 270 Pa. 573; Leglar v. R. R., 284 Pa. 521; Conroy v. Ins. Co., 292 Pa. 219.

*Ralph C. Davis,* for appellee.—Plaintiff was injured as the result of negligence: King v. B. & M. Co., 284 Pa. 277; Bloom v. Bailey, 292 Pa. 348; Johnson v. French, 291 Pa. 437; Hunter v. Pope, 289 Pa. 560; Rosenthal v. Phonograph Co., 274 Pa. 236; Fisher v. Amsterdam, 290 Pa. 1.

The negligence causing the accident was the negligence of defendant.

Unless denied by an affidavit of defense, defendant admits he is the person by whom the act was committed and that his automobile is the vehicle or instrumentality involved: Buehler v. Plate Co., 269 Pa. 428; Farbo v. Caskey, 272 Pa. 573; Gillespie v. R. R., 272 Pa. 393; McGlinchey v. Steigerwald, 73 Pa. Superior Ct. 520; Hunter v. Pope, 289 Pa. 560; Meyers & Myers v. Pfeifer, 84 Pa. Superior Ct. 505.

OPINION BY MR. JUSTICE FRAZER, April 15, 1929:

Plaintiff sued to recover damages for personal injuries sustained, as the jury found, by being struck and seriously injured by a motor vehicle owned by defendant and operated by him, or by his employee or agent while engaged in the performance of services for defendant, at the time of the accident. Defendant filed no affidavit of defense and on the trial offered no evidence. At the close of the testimony for plaintiff, defendant's counsel presented a point for binding instructions, which was refused, as was a subsequent motion for judgment n. o. v. whereupon this appeal by defendant followed.

Plaintiff's statement of claim alleges that while standing on the sidewalk at the intersection of two much-traveled streets in the City of Pittsburgh, he was suddenly struck by a motor vehicle operated by defendant or by his employee or agent, and seriously injured. As there were apparently no eye-witnesses to the accident, the only oral testimony bearing upon the actual circumstances of the occurrence was that of plaintiff himself. He said he was standing on the sidewalk with his feet on or near the curb, and a short distance from a curve at the corner of the two streets, waiting for an opportunity to cross one of the thoroughfares, and at the same time was watching the signals being given by the traffic officer, who stood at the center of the intersection of the two streets. At that moment many motor vehicles were

passing that point. While thus standing he was suddenly struck by an automobile, hurled into the street from the sidewalk, sustaining numerous bodily injuries, was rendered unconscious by the impact and taken in that condition to a hospital where he remained for seven weeks. At the trial he was positive he saw no wagons on the street, that all vehicles moving there were motor cars; he was equally certain that he was struck by one of these, but could testify no further as to the circumstances of the accident, having been immediately rendered unconscious.

A careful examination of his rather extensive evidence, direct and under cross-examination, reveals the fact that it was always positive and never self-contradictory. He was certain he stood on the sidewalk and not upon the roadway, when struck; was exercising due care and precaution by observing the traffic officer and awaiting his signal to cross; was in fact doing no act which could be accounted as contributory on his part to the accident, and his only conclusion as to the position of the vehicle when struck is that "the machine must have swerved and catched me; that is all I know." In the light of his definite testimony, we are left with the reasonable inference that the accident and the injuries resulted from the facts upon which he relies (Dannals v. Sylvania Twp., 255 Pa. 156, 160); and since appellant produces no contradiction to plaintiff's testimony, either by affidavit of defense or evidence at the trial, we must assume his statements to be true. Nevertheless, without more, his case would fall. He was undoubtedly hit and injured by a motor vehicle; but was it the vehicle of defendant and was the latter solely responsible for the accident? Of course, the mere fact that an automobile comes in contact with a pedestrian, or with another vehicle, raises no presumption of negligence against the chauffeur: Flanigan v. McLean, 267 Pa. 553, 556.

Undoubtedly the uncontradicted testimony of plaintiff, while it showed no negligence on his part tended to

prove negligence on the part of the driver of the auto-
mobile. But there his own testimony was obliged to
stop; rendered unconscious by the violence of the im-
pact with the automobile, he was powerless to learn and
remember particulars. But having acquired these de-
tails later and learning that defendant was the owner of
the vehicle that injured him, that it was being driven at
the time of the accident either by the owner or his em-
ployee or agent performing service for the owner, and
operated recklessly and negligently at the time, he al-
leges these charges with much detail in his statement of
claim. Not a single one of them was met by denial
from defendant, with the exception of the charge of neg-
ligence, which in fact defendant does not deny, but
merely refuses to admit. In the course of the trial, after
plaintiff's testimony tending to show negligence, his
counsel offered in evidence extracts from the statement
of claim which embodied the above mentioned allega-
tions. Counsel for defendant interposed an objection to
the admission of this evidence for the reason, as he
claimed, that it was offered to prove negligence and lia-
bility on the part of defendant and that default in filing
an affidavit of defense could not be taken as an admis-
sion of negligence. The trial judge overruled the objec-
tion on the ground that the evidence was not offered to
prove negligence, but to prove the instrumentality, that
it was defendant's automobile which struck plaintiff
while being driven by him or by his agent or employee.
This ruling was proper, being in accordance with our
interpretation, in numerous cases, of section 6 of the
Practice Act of May 14, 1915, P. L. 483, which directs
that, "Every allegation of fact in the plaintiff's state-
ment of claim......if not denied specifically or by nec-
essary implication in the affidavit of defense......shall
be taken to be admitted......except as provided in sec-
tion 13," which provides that, "In actions of trespass
the averments, in the statement, of the person by whom
the act was committed, the agency or employment of

such person, the ownership or possession of the vehicle ......or instrumentality, involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section 6." Applying these provisions in the case of Fleccia v. Atkins, 270 Pa. 573, we said, page 578: "While the absence of an affidavit of defense relieved plaintiff of the burden of proving that the person alleged to have caused the brick to fall was employed by defendant, or that the latter was in temporary possession of the building and doing work thereon, the Practice Act cannot be construed to admit the specific act of negligence, to wit, the careless act of permitting the brick to fall."

Is there sufficient proof to establish the act of negligence by defendant as alleged in the undenied statement of claim of plaintiff and to sustain the allegation in the same statement that plaintiff was exercising due care at the time of the accident and is free from contributory negligence? As to the latter part of the question, the frank, positive and uncontradicted testimony of plaintiff clearly absolves him from the charge of negligence on his part. As to defendant, we find plaintiff avers in his statement that the instrumentality which caused the accident was appellant's automobile, driven by either the owner or his agent or employee. Defendant by his absolute nondenial of this allegation admits it to be true. Plaintiff avers he was struck down and injured by appellant's automobile. This is in like manner admitted. Was the accident then, due to the negligent act of appellant? His counsel during the trial said defendant admitted he owned and operated a motor vehicle on the day of the accident but not that his car struck plaintiff. Being charged with negligence in appellee's statement of claim, defendant can formulate no denial, except that found in the principle that the omission of the affidavit of defense is not to be taken as an admission of negligence; but, as we held in Conroy v. Commercial Casualty Ins. Co., 292 Pa. 219, and cases there cited, there

must be sufficient proof of defendant's negligence. Proof to that extent is shown here in the record.. It is true, there were no eye-witnesses to the accident; at least none testified at the trial. We held in Ferry v. P. R. T. Co., 232 Pa. 403, 406, "it is not essential that there should be an eye-witness of the occurrence. The proof may be furnished by the circumstances themselves. The test is whether they are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of defendant."

The only circumstances detailed in the present case are those furnished by plaintiff himself; to our mind, they are so positive and conclusive as to establish, even beyond legal inference, that the accident was due solely to the negligence of appellant. Plaintiff stood, at the time of the accident where he had a right to be, namely, upon the sidewalk, and not upon the roadway; he was exercising due care by awaiting the signal of the traffic officer to cross the street. He was in no manner assuming risk or taking chance. In this situation he was not required to, and naturally did not, anticipate danger. Many motor vehicles were passing him, to which he paid no attention, and was not required to do so, and without observing defendant's car, and having no cause to look for it or anticipate its approach, the machine swerved toward the curb, with doubtless a part of its body overhanging the sidewalk, striking plaintiff and inflicting injury to such extent as to render him unconscious and require hospital care and treatment for a considerable time. Under the statute, the failure to file an affidavit of defense operated as an admission that the automobile which struck plaintiff was being driven by or for defendant and the fact that the former was on the sidewalk, where he had the right to be, raises a presumption that if the automobile had been driven properly it would not have struck him: Hunter v. Pope, 289 Pa. 560. Defendant offered no evidence to overcome this presumption; hence it is a reasonable, in fact, a necessary, as-

sumption, that it was either driven recklessly and negligently close to, with some part of it extending over the sidewalk as it rushed by, or that the driver did not have the vehicle under the control which the rules of law and reasonable care require, especially on the crowded streets of a large city. There is no evidence that the swerve of the automobile was caused unexpectedly by necessity to escape threatened collision with other cars, or that in fact the situation was such as to necessitate it to deviate toward the sidewalk. We are accordingly of opinion that the circumstances of the case and the inevitable and legal inferences to be drawn from the evidence furnish sufficient proof to establish negligence on defendant's part, and that such negligence was the sole cause of the accident and injury to plaintiff.

We find no reason for questioning the charge of the trial court. He was particularly solicitous to impress upon the minds of the jury that defendant could not be held liable unless they found from the proofs, as presented in the testimony of plaintiff, that appellant's negligence caused the injury to plaintiff. Likewise his ruling was not at fault in refusing to instruct the jury, at the request of appellant's counsel, that failure to file an affidavit of defense did not admit averments in the statement of claim, other than that the instrument of the accident was the automobile of appellant, and that it did not come in contact with plaintiff. The omission of the affidavit of defense, said the court, was not taken as an admission of negligence on the part of appellant, but to say to the jury that it was not defendant's vehicle that struck plaintiff would entirely nullify the uncontradicted averments in the statement of claim. As the only assignments of error calling for notice are directed against these two rulings of the court, they are therefore not sustained.

Judgment affirmed.