Pfendler *v.* Speer, Appellant.

Argued May 26, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*James J. Burns Jr.,* of *Willmann, Burns & Sack,* for appellant.

*Henry Kauffman,* with him *Louis Little,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 26, 1936:

This is an appeal from the refusal of the court below to set aside a verdict for plaintiff and to enter judgment non obstante veredicto for defendant, and from the refusal to grant defendant a new trial, in an action of trespass for the death of plaintiff's husband, Sylvester A. Pfendler. The accident is alleged to have occurred about 11 o'clock p. m. on April 17, 1931, near the intersection of East Street and Hazlett Street, in Pittsburgh.

The decedent was found lying in the street, with his head against the curb, and his body in the cartway of East Street, immediately after defendant's car had passed. He was removed to a hospital where he was treated for an abrasion over the left temple, and discharged in the custody of the police. On the following morning he died of a fractured skull. None of the wit-

nesses testified to an actual collision, but it appeared they were attracted to the intersection by a noise described as a "thump" and the screeching of brakes. When they arrived, decedent's hat was still rolling along the cartway, and defendant's car was stopped shortly beyond the crossing. It was testified that defendant said "I tried to avoid hitting him but I couldn't." Skid marks were found showing that defendant had swerved his automobile to the left at the place where decedent had been observed walking across the street. No evidence as to the speed of the car was offered, nor that the brakes were defective. The testimony was conflicting as to whether or not decedent had been drinking. A witness told of seeing him alight from a street car at that intersection, at 10:15 p. m.; the accident occurred at approximately 11 p. m. and nothing appears in the record to explain his movements in the interval between those times.

It is true, as plaintiff contends, that it is not absolutely necessary in an action for a wrongful death, to introduce the testimony of eyewitnesses to show the actual manner in which the injury occurred. Where direct proof is not available, circumstantial evidence of negligence and impact is admissible: *Reardon v. Smith,* 298 Pa. 554; *Ferry v. P. R. T. Co.,* 232 Pa. 403; *Miller v. Siebert,* 296 Pa. 400; *Beyrent v. Kaplan,* 315 Pa. 353; *Tucker v. Ry. Co.,* 227 Pa. 66.

Viewing the evidence in the light most favorable to plaintiff, as we are required to do, the real problem for us to decide is whether a cause of action has been made out. Plaintiff has the burden of showing that defendant was negligent, and that his negligence was the proximate cause of the injury.

As to negligence, no evidence was offered that defendant was driving in an improper manner. It was not shown that his speed was excessive, that his attention was distracted, or that his car was mechanically defective. Plaintiff seeks to draw the inference of negligence from the screeching of brakes heard by four witnesses,

from the skid marks in the street, and from the fact that a noise like an impact was heard. It is asserted that the presumption that decedent was proceeding cautiously, in a proper manner across the street, and that he was in full view of the approaching car imports negligence in the driver. However this is not such circumstantial evidence as will support the finding that defendant was negligent. There must be some evidence to indicate how the accident occurred. The mere happening of an accident does not prove that one of the parties was negligent.

We have said that where circumstantial testimony is offered, because direct proof cannot be had, the inference therefrom must establish that the accident was the natural and probable consequence of the causes assigned. In the present case the screeching of brakes and the skid marks do not infer excessive speed to the exclusion of any other reasonable hypothesis. The noise which was heard by the witnesses was so vaguely described, that it might have been due to many causes other than that which would be made by an automobile striking decedent. If defendant's alleged admission "I tried to avoid hitting him but I couldn't" is construed most strongly against him, and it is assumed that there was an actual impact, this alone would not establish negligence. Briefly stated, the mere fact that a collision has occurred cannot, in the absence of evidence as to the manner of its occurrence, afford proof that one party and not the other was at fault: *Wiser v. Parkway Baking Co.*, 289 Pa. 565; *Justice v. Weymann*, 306 Pa. 88; *Sajatovich v. Traction Bus Co.*, 314 Pa. 569; *Erbe v. P. R. T. Co.*, 256 Pa. 567; *Alexander v. Pa. Water Co.*, 201 Pa. 252. If it be presumed that decedent was proceeding across the street carefully and lawfully, this presumption merely negatives contributory negligence as a factor: *Allen v. Willard*, 57 Pa. 374. It does not compel the conclusion that defendant was negligent. It is possible that neither party was at fault.

From our careful study of the record, we are forced to the conclusion that it has not been shown that defendant was the active cause of injury to decedent. The fact that the deceased was found injured on the street immediately after defendant passed is not in itself conclusive. No cry was heard by the witnesses, no marks or other indications of a collision were found upon the car. The examinations of decedent by the coroner's physician and the undertaker, both disinterested witnesses, disclosed no bruises upon his body below the head. These would seem inevitably to have resulted if there had been a collision. The most significant fact is that decedent had apparently been at the scene of the accident for three-quarters of an hour or more before defendant approached.

Defendant testified that he saw decedent crossing the street in a bent and unnatural position, that he swerved his car and passed him to the left by several feet, and that looking in his rear-view mirror before bringing his car to the right side of the cartway after passing over the intersection, he saw decedent lying close to the curb on the side of the street, which had been his apparent objective. This supplies the only direct evidence that decedent had *not* been lying in that position prior to defendant's approach, but it does not answer the many questions naturally arising from the unbridged gap of time from decedent's stepping from the street car about 10 : 15 p. m. on the evening in question and his discovery on the cartway by the witnesses almost an hour afterwards. Had he fallen, injuring his head, before defendant approached, and after recovering himself, walked in a daze across the path of the approaching car, only to collapse at the opposite side of the street? Or did he fall for the first time after reaching that objective? Had he been struck by a street car, or some other vehicle, and sustained the fracture, remaining unconscious until a few moments before defendant's car passed by? The testimony does not answer any of these questions.

Circumstantial evidence to sustain a verdict must be so strong as to preclude the possibility of injury in any other way, and provide as the only reasonable inference the conclusion for which the contention is made: *Wiser v. Parkway Baking Co.*, supra, is a case closely in point. There the only evidence of the cause of the accident was the bump heard by a witness when defendant's truck was close to decedent, and the driver's statement, "My God, I have struck a man." In sustaining a compulsory nonsuit, this court said, at page 568: "While the driver may have been at fault, the proof fails . . . to fix liability for the unfortunate accident. 'A jury cannot be permitted to find anything negligent which is less than the failure to perform a legal duty' [citing cases]. Recovery cannot be allowed on mere proof of an accident." See also *Sajatovich v. Traction Bus Co.*, supra; *Zeher v. Pgh.*, 279 Pa. 168; *Mack v. U. S. Gypsum Co.*, 288 Pa. 9; *Cain et al. v. Booth & Flinn, Ltd.*, 294 Pa. 334. And in *Gausman v. Pearson Co.*, 284 Pa. 348, we said at page 352: "Where an injury may be the result of one of two or more causes, for only one of which defendant is liable, the burden is on plaintiff to individuate that one as the proximate cause of his damage . . . otherwise there can be no recovery." Here several causes of this fatal accident might have intervened.

The case most strongly relied upon by appellee, *Beyrent v. Kaplan,* supra, is clearly distinguishable. There the injured person was a traffic officer who was struck while engaging in his duties at an intersection, but, as the court said, at page 355: "In the instant case the evidence shows where plaintiff was when he was hit, how long he had been there, and what he was doing." None of these elements is disclosed by this record. The verdict of the jury here does not rise above conjecture, and it cannot be permitted to stand.

The judgment is reversed, and is here entered for defendant.