Ranck *v.* Sauder, Appellant.

Seldomridge *v.* Sauder, Appellant, et al.

Beck *v.* Sauder, Appellant, et al.

Argued May 17, 1937. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harris C. Arnold,* with him *Harvey B. Lutz,* for appellant.

*Daniel B. Strickler,* for appellees.

*G. T. Hambright,* for additional defendant.

OPINION BY MR. JUSTICE DREW, July 7, 1937:

We have here three appeals in as many cases tried together, from judgments of the lower court entered after it overruled appellant's motions for a new trial and for judgment n. o. v. in each case. The consolidated cases were brought to this court under the Act of June 11, 1935, P. L. 301. The court below wrote one opinion, covering all the cases, and assigned to it the number and term of the Wayne B. Ranck case. We will follow this lead, since counsel also adopted it at the argument and in the preparation of their briefs, and dispose of all the appeals in this opinion. Verdicts, aggregating $7,523.52 were returned for plaintiffs in the three cases.

In reviewing the denial of a motion for judgment n. o. v. the testimony must be read in the light most advantageous to the plaintiff, and all conflicts therein resolved in his favor: *Muehlhof v. Reading Co.,* 309 Pa. 17. So read, the relevant facts are as follows. Plaintiff was driving southwardly on the New Holland-Gap road, near the village of Gap, in the early afternoon on June 15, 1935. He had intended to turn east onto Springville road, another public highway, running east and west, but at the right angle intersection collided with defendant's truck, proceeding eastward on Springville road, loaded with several tons of stone. There were no stop signs at the intersection. Plaintiff's two guests were immediately killed and he was rendered unconscious for two weeks by a basal fracture of the skull and concussion of the brain. These injuries caused him to lose all recollection of events occurring between the time he left home on the morning of the accident and

the moment he regained consciousness. The only eye-witness able to testify as to how the accident occurred was defendant's driver.

Plaintiff was forced to rely upon circumstantial evidence. Witnesses called by him testified that at the intersection vision was obstructed in each direction by embankments which made it impossible to see approaching traffic until nearly at the crossing. After the collision the truck was lying on its left side on the south side of the road with its wheels toward the center, its front pointed westward, the direction from which it had come. It was slightly damaged on its left side. The car was still upright, its front end embedded in the south bank of the Springville road. So forcibly did it strike the bank it required a truck to pull it free of the earth. Its whole front end was caved in. The front of the truck was not damaged; the lamps were not broken. Skid marks made by tires led from the southeast corner of the intersection in an arc to the rear wheels of the overturned truck. It was evident that from the point of collision it moved forward almost not at all, but rather described an arc with its rear wheels having the front as a pivot. From these facts, plaintiff insists the jury was entitled to infer that the truck ran into the car which had already entered the intersection and was completing the turn to the left; that the damage done the left front part of the truck was caused by the truck driver's attempt to avoid the accident by turning to the right. The more reasonable inferences are to the contrary. It would have been impossible for the car to have crossed the intersection if the truck had run into it when it was making a turn to its left. The force with which it struck the embankment shows the excessive speed at which it was traveling. The fact that only slight damage was done the truck shows the car got by it in front; and the inference is that in avoiding the truck it was deflected into the bank. The speed at which the

car was obviously traveling made it impossible to bring it under control when the collision impended.

Appellant contends that a nonsuit should have been entered at the close of plaintiff's evidence, and, failing that, a verdict should have been directed in appellant's favor because of lack of evidence of negligence upon the part of the truck driver. We think his position is well taken. While it is not necessary to prove negligence by direct evidence, it must at least be shown by proof of circumstances from which negligence may be inferred: *Lesick v. Proctor,* 300 Pa. 347. The mere proof of the happening of an accident is insufficient: *Niziolek v. Wilkes-Barre Railway Corporation,* 322 Pa. 29. There must be some evidence as to *how* the accident occurred *(Sajatovich v. Traction Bus Co.,* 314 Pa. 569, 574) showing a probability that the accident would not have happened without defendant's negligence.

The testimony on appellant's side, introduced after he was refused a nonsuit,. far from revealing any negligence on the part of his driver, establishes, if believed, a complete absence of fault. The testimony of the driver only is important. It was that he approached the intersection on an upgrade and entered it at ten miles per hour, after blowing his horn and looking to right and left. He said that no vehicle was in sight on the Gap road and that he was more than halfway across the intersection when the car came from his left, striking "like a flash" at the left front side of the truck, spinning it about, and causing it to overturn. If this account is to be believed it relieves defendant of blame, and, if rejected as incredible, it leaves the case as though never given. Nothing is established by disbelief of what the driver said.

Thus plaintiff is relegated entirely to what may be inferred from the circumstances. Upon no version of them is it more reasonable to conclude that defendant was negligent than that he was not. Failing the possibility of such a conclusion supported by the clear pre-

ponderance of its likelihood *(Ott v. Boggs,* 219 Pa. 614), and excluding other probabilities just as reasonable *(Alexander v. Pennsylvania Water Co.,* 201 Pa. 252) plaintiff was not entitled to submit his case to the jury. Speculation alone cannot support the verdict; hence judgment n. o. v. should have been entered.

Judgment in each case reversed and entered for defendant.