Brooks *v.* Morgan, Appellant.

Argued March 22, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Herman M. Buck,* with him *Jos. W. Ray, Jr.,* and *Shelby, Ray & Coldren,* for appellant.

*W. Brown Higbee*, of *Higbee, Lewellyn & Higbee*, with him *Alfred E. Jones, Jr.*, for appellee.

OPINION BY MR. JUSTICE BARNES, June 17, 1938:

The plaintiff in this action seeks to recover damages for the death of her husband, which resulted from injuries sustained when he was struck by an automobile owned and operated by the defendant. According to the evidence, Samuel Brooks, the husband of plaintiff, was employed as an elevator operator in an office building in the City of Connellsville, Fayette County. He resided on the north side of Robbins Street, in that city, about 451 feet east of Crawford Avenue, which is a twenty-six-feet wide thoroughfare.

The accident occurred near the place where Robbins Street forms at right angles a junction with Crawford Avenue on its easterly side. On the westerly side of Crawford Avenue, immediately opposite the junction, is a street car stop for the use of passengers traveling southbound toward the center of the city. To board a car at this stop persons coming from Robbins Street are required to cross Crawford Avenue to its opposite side, passing over the trolley track in the center of the street.

It appears from the testimony that decedent, when en route in the morning from his home to his place of employment, would proceed to the car stop, where he would wait for the approach of the southbound trolley car due at this point about 7 a. m., or where he would secure from a passing motorist an invitation to ride into the city.

On the morning of January 1, 1935, the plaintiff accompanied her husband to the door of their home, which he left shortly after 6:30 o'clock to go to his work. It was dark, and visibility was further impaired by a misty, drizzling rain. The street lights, one of which was located close to the place of the accident, were still burning. The decedent walked with the assistance of an artificial limb, as his left leg had been amputated, and

he carried a cane in his right hand. It was only a short time after he left his home that he was found lying unconscious in the cartway of Crawford Avenue, approximately forty-five feet south of the car stop. His personal effects were picked up within three or four feet of the body, and his artificial leg was recovered on the western sidewalk of Crawford Avenue. There is no evidence that decedent was seen by any person from the time he left home until he was found unconscious on Crawford Avenue.

At the time of the accident defendant was driving his car southwardly on Crawford Avenue toward the business district of the city. The automobile was first noticed as it slowed down upon approaching Edna Street, a side street which joins Crawford Avenue on its westerly side. It continued across Edna Street, pulled over to the curb, and stopped approximately one hundred and thirty-seven feet from the place where decedent was found on the street. The defendant went back and discovered that he had struck the decedent, then backed his car, and, with the assistance of two men who had appeared upon the scene, carried the injured husband in the car to the Connellsville Hospital. There he died from the injuries two days later without regaining consciousness.

The physician at the hospital who made the examination of plaintiff's husband at the time of his admission, testified that there was no external evidence of head, chest or thorax injury; there was a comminuted compound fracture of the right leg below the knee, the hands and wrists were swollen, there were brush burns upon the left hand, and indications of a cerebral injury.

It is conceded that the headlights on defendant's car were burning at the time of the accident. The only evidence of impact upon the automobile was about the right front headlight, which appeared to have been bent so that its light beam was thrown "into the air."

Two witnesses for plaintiff, Melvin and Joseph Still-wagon, who assisted in carrying decedent to the hospital, testified they had walked past the car stop a short time prior to the accident, and saw no one in the vicinity. They proceeded along Crawford Avenue until they came to Edna Street, where they turned and walked down that street about one hundred and twenty feet. They said their attention had been attracted by the sound of brakes being applied, and looking back toward Crawford Avenue they saw defendant's automobile approaching Edna Street, where it slowed down and came to a stop upon reaching the far side of the street.

This review presents substantially plaintiff's case upon the question of negligence. The defendant offered no evidence. His requests for a compulsory nonsuit and for binding instructions were refused by the court below. The case was submitted to the jury which returned a verdict for plaintiff. Defendant's motion for judgment non obstante veredicto was overruled, but a new trial was awarded unless plaintiff remitted a portion of the verdict. Upon a remittitur being filed, judgment was entered in favor of plaintiff, from which defendant appeals.

The primary question of the case is whether there is any evidence of negligence on the part of the defendant to support the verdict of the jury. The plaintiff contends that her husband was injured at a street crossing under circumstances which indicate that defendant failed to operate his automobile with the degree of care required of motorists at such place: *Johnson v. French,* 291 Pa. 437; *Giles v. Bennett,* 298 Pa. 158; *Logan v. Bethlehem City,* 324 Pa. 7; *Smith v. Wistar,* 327 Pa. 419. It is urged that the fact that defendant's automobile traveled to Edna Street before it came to a stop, and the distance the decedent's body was found from the Robbins Street car stop, establish the fact that the defendant was proceeding at a high rate of speed.

But the difficulty which stands in the way of a recovery by the plaintiff is that she has failed to present any evidence to show how the accident occurred. The decedent's actions from the time he left his home until his body was discovered in the highway are unexplained. The record is devoid of the slightest testimony showing where he was standing at the time he was struck, or for what length of time he had been in that position, so that it could be inferred that the defendant saw or should have seen him before the accident in order to avoid striking him. Whether the decedent stepped from the curb of Crawford Avenue into the path of the oncoming automobile, or whether the car suddenly swerved and struck him, are questions which are unanswered by the testimony. A verdict in favor of the plaintiff under such circumstances necessarily would rest upon speculation and conjecture rather than upon proof of negligence of defendant. The mere happening of an accident, in the absence of evidence as to the manner of its occurrence, is not sufficient to support an inference that one party and not the other was at fault: *McAvoy v. Kromer*, 277 Pa. 196; *Whalen v. Yellow Cab Co.*, 313 Pa. 97; *Sajatovich v. Traction Bus Co.*, 314 Pa. 569; *Klein v. Phila. Rural Transit Co.*, 320 Pa. 548; *Niziolek v. Wilkes-Barre Railway Corp.*, 322 Pa. 29; *Pfendler v. Speer*, 323 Pa. 443; *Ranck v. Sauder*, 327 Pa. 177; *Hadhazi v. Zero Ice Corp.*, 327 Pa. 558. See also *Beyrent v. Kaplan*, 315 Pa. 353.

While it is not essential, in an action to recover damages for injuries or death by wrongful act, to establish, by the testimony of eyewitnesses, the manner in which the accident occurred, there must be proof "such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of defendant": *Tucker v. Pittsburg, etc., Ry. Co.*, 227 Pa. 66; *Ferry v. Phila. Transit Co.*, 232 Pa. 403; *Miller v. Siebert*, 296 Pa. 400; *Reardon v. Smith*, 298 Pa. 554. Therefore, where the plaintiff's case is grounded upon circumstan-

tial evidence of negligence, the proofs thereof must be "so strong as to preclude the possibility of injury in any other way" than as a result of defendant's negligent act. See *Pfendler v. Speer,* supra.

Here the plaintiff has failed to show that defendant was operating his automobile carelessly, that his attention was distracted, or that his automobile was mechanically defective. Moreover, the absence of severe external injuries upon the decedent's body suggests that the vehicle that struck him was not traveling at great speed. For the same reason the fact that the decedent's body was found after the accident forty-five feet from the car stop does not establish that it was hurled there by the defendant's automobile. It is equally possible the decedent may have been that far distant from the car stop when he was struck.

The plaintiff contends that the decedent was struck at a public crossing. However, even if we assume this to be true, it does not relieve the plaintiff of the burden of proving negligence. In *Sajatovich v. Traction Bus Co.,* supra, it is said (p. 574) : "While the drivers of vehicles must exercise extreme care and be highly vigilant at crossings *(Byrne v. Schultz,* 306 Pa. 427, and cases there cited), the doctrine of res ipsa loquitur does not apply to a collision at a crossing between a pedestrian and a vehicle any more than to such accidents at other points on the highway: *Erbe v. P. R. T. Co.,* supra [256 Pa. 567] ; *Gilles v. Leas,* 282 Pa. 318."

From our review of the record, and having considered the testimony in the light most favorable to the plaintiff, we are of opinion that the evidence on her behalf does not meet the degree of proof required to sustain a verdict in her favor. The defendant's motion for judgment non obstante veredicto should have been granted by the court below. In view of the conclusion we have reached, it is unnecessary to consider the remaining assignments of error.

The judgment is reversed, and is here entered for defendant.