## Lithgow, Exrx., et al., Appellants v. Lithgow.

Argued March 22, 1939. Before SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Elder W. Marshall,* with him *Reed, Smith, Shaw & McClay, Saul L. Rubin* and *Meyer Umansky,* for appellants.

*J. Roy Dickie,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellee.

Opinion by Mr. Justice Drew, April 17, 1939:

This action was brought by a father and mother against their daughter to recover for personal injuries sustained by them while guest passengers in an automobile owned and operated by the daughter. Prior to the trial the father died and his executrix was substituted as a party plaintiff. At the trial, a judgment of compulsory nonsuit was entered against plaintiffs, and from the order denying the motion to take off the nonsuit these appeals were taken.

We find no error in the action of the court below, since it is clear from the record that plaintiffs failed to sustain the burden of showing that the accident was caused by negligence of the defendant. On the morning of June 1, 1935, Mr. and Mrs. Lithgow and defendant left their home at Flinton, Pa., to drive to Washington, D. C. At the time the accident occurred they were traveling on a macadam road, crowned in the center, and partially covered with loose gravel. In rounding a curve to the left, which defendant claimed she could not see until she was upon it because of a cut in the hillside, the car skidded on the loose gravel. The record is silent as to what occurred after that, except that the car was damaged on the right side and all the occupants injured.

The mother and daughter, the latter obviously not a hostile witness, were called to describe the accident.

Their testimony indicates that neither had any knowledge of what happened, and fails completely to establish any negligence on the part of the daughter. In response to a question as to the speed of the car at the time of the accident, Mrs. Lithgow replied: "I could not just answer exactly that." She further testified: ". . . we were going up the hill and I didn't know anything until I came to after the accident" and, "I would not know just what caused it [the accident]." When asked, "And you have no recollection even of the car striking anything?" she answered, "That's right. There is no use in trying to say I did because I didn't." The defendant, her daughter, when called by plaintiffs for cross-examination, said in response to a question as to whether another car struck her car: "I don't know." Although she stated at one time that her car struck a fence, when later asked whether from her own knowledge she knew the car hit a fence, she was positive in her reply, "I have no memory of hitting anything." She further testified, "I don't remember anything that happened immediately preceding the accident" and, "I could not tell anybody how that accident happened." There was no other testimony in the case bearing on the facts immediately before the collision.

The court was bound to grant the motion for compulsory nonsuit because there was no ground upon which to submit the case to the jury. In a case of this nature it is incumbent on plaintiffs to picture or describe what actually happened so as to enable one fixed with the responsibility of ascertaining the facts to find that defendant was guilty of negligence: *Mack v. U. S. Gypsum Co.*, 288 Pa. 9; *Fisher v. Amsterdam*, 290 Pa. 1. On the basis of the record in the instant case any finding as to the manner in which the accident occurred would rest on pure speculation. The testimony given in plaintiffs' case failed completely to indicate negligence on the part of defendant. The language of this court in *Goater v.*

*Klotz,* 279 Pa. 392, 396, is applicable here: "Where the burden of proof is upon the plaintiff to establish certain facts before a recovery can be had, and his testimony, or that of his witnesses, on the question, is so contradictory as to present to the jury no basis for a finding, except a mere conjecture, a nonsuit is properly entered. . . ."

The testimony does show that the car skidded, but we have repeatedly held that the skidding of an automobile does not of itself establish negligence on the part of the driver: *Johnson v. American Reduction Co.,* 305 Pa. 537; *Riley v. Wooden,* 310 Pa. 449. We might advance many theories as to what actually happened, but these cannot take the place of evidence. In the last analysis plaintiffs have proved only that an accident occurred and that the mother and father were injured. There is no doubt that this alone could not take the case to the jury: *Sajatovich v. Traction Bus Co.,* 314 Pa. 569. In *Niziolek v. Wilkes-Barre Ry. Corp.,* 322 Pa. 29, 32, we said: "It is obvious that plaintiff's whole case is based upon the mere fact that an accident occurred and her husband was killed, and to allow a jury to determine the question of liability in such a case is to permit the verdict to rest upon speculation and conjecture rather than upon proof: *Klein v. Phila. Rural Transit Co.,* 320 Pa. 548."

The case of *Moquin v. Mervine,* 297 Pa. 79, is not in point. In that case plaintiff established by competent testimony that defendant's car, while rounding at an excessive speed a sharp curve known to defendant to be dangerous, left the road and crashed into a shed knocking it from its foundations. It was there held that the circumstances justified a finding of negligence on the part of the defendant. In the instant case, however, the record fails to disclose the speed of the car when defendant reached the curve, whether the car actually left the road, and if it did, the apparent reason for doing so. The conclusion is inescapable that here there was no question

266

to be presented to the jury, and hence the motion to strike off the judgment of compulsory nonsuit was properly refused.

Order affirmed; costs to be paid by appellants.