## Burger, Appellant, *v.* Fischer Baking Company.

Argued January 26, 1940. Before SCHAFFER, C. J., DREW, LINN, STERN and BARNES, JJ.

*Robert M. Crooks,* with him *William Charles Brown,* for appellant.

*Ralph N. Kellam, W. Glenn George* and *Herbert G. Marvin,* for appellee, were not heard.

PER CURIAM, March 25, 1940:

The judgment is affirmed on the following from the opinion of President Judge BOK: "On June 19, 1936, at a little before eight in the morning, George Edward Burger left his home near Upper Black Eddy, Bucks County, Pennsylvania, to get a doctor for his wife and never returned.

"He drove his Ford car Southwest towards Revere on Route 611, a black-top macadam road fourteen feet wide, and collided with defendant's truck one hundred feet or so before reaching a moderate up-hill curve that bent to his right. The road at this point appears to run Northeast and Southwest. He was seen about one hundren fifty feet before the collision by a lady who was baking bread in her house and glanced up as he went by. This lady, testifying by deposition, said that he was on her side of the road, although her fence prevented her from seeing his wheels. Her house being West of the road, Burger was therefore on his proper side.

"No one saw the accident except the drivers of the two vehicles. Burger died soon after the collision, and the truck driver testified for the defendant in a manner that entirely cleared himself of negligence.

"Various witnesses arrived on the scene shortly after the accident and told what they saw. The truck, which was ten or eleven feet long, was diagonally across its right side of the road, its right front wheel off the macadam and on the shoulder, and its rear end extending two or three feet over the center of the street: whether its rear wheel or wheels or merely its superstructure

overhung the center does not appear, but other cars had to drive partly on the West shoulder in order to pass around it. The Ford was described in various positions, all of them definitely on the East side of the road with the rear of the car a foot or two over the center line. One or both of its front wheels were off the macadam, its front was damaged, and the point of contact appeared to be the left front corner of both vehicles, but the whole front of the Ford was damaged. . . . The vehicles formed a V, their fronts being the apex.

"The most important piece of evidence was a fresh skid mark made by a tire. It lay *between* the vehicles and led eight and a half feet from a point eighteen inches or two feet on the West side of the center of the road underneath the Ford and ended at its left front wheel.

. . .

"We feel that the case falls within the rule that the mere happening of an accident does not establish defendant's negligence. Some description of *how* the accident happened must appear. [*Lithgow v. Lithgow,* 334 Pa. 262, 5 A. 2d 573.] It may be provided by circumstantial evidence *(Mars v. P. R. T. Co.,* 303 Pa. 80 (1931)), but the circumstances must compel the conclusion that defendant was negligent *(Pflendler v. Speer,* 323 Pa. 443 (1936); *Ranch v. Sauder,* 327 Pa. 177 (1937)), by showing a probability that the accident would not have happened without it.

"The defendant might have been responsible for one or more causes of this accident and not for others, and it is equally probable that it resulted from any of them.

"There is nothing to show from which front wheel the all important skid mark began. If it began at the left front wheel of the Ford, it would indicate that plaintiff was well on his proper side of the road and that the defendant was negligently on its wrong side. If it began at the right front wheel, it would indicate that most of plaintiff's car was on his wrong side of the road and that the truck was far on its proper side, since damage

to the truck was at its left front corner. There was only one skid mark, but under the circumstances it could have been made by two wheels, the mark from the right wheel joining the mark from the left wheel and being superimposed upon it for at least part of the remaining distance. The mark lay *between* the vehicles, . . ..

"It is not helpful that the Ford was on its proper side when it passed the lady's house, for in the next one hundred and fifty feet it might have swung over to the other side. . . .

"The whole affair is in the realm of conjecture, and such circumstantial evidence as there is is as consistent with the theory that defendant's driver was not negligent as it is with the theory that he was. The jury cannot be allowed to guess."