## Mull *v.* Bothwell, Appellant.

Argued March 20, 1940. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Barnes and Patterson, JJ.

*Harold E. McCamey,* of *Dickie, Robinson & McCamey,* with him *George R. Craig* and *Charles A. Woods, Jr.,* for appellant.

*George D. Wick,* of *Campbell, Wick, Houck & Thomas* and *George Walter Smith,* for appellee.

Opinion by Mr. Chief Justice Schaffer, April 15, 1940:

This is a close case. The learned judge of the court below who tried it, and wrote the opinion of the court in banc refusing judgment for defendant non obstante veredicto and entering judgment on the verdict for $10,500 in plaintiff's favor, on the trial, by his ruling and

charge, and in his opinion, has given the evidence and the law most careful study and analysis.

The jury having found for plaintiff, the evidence and the logical legal inferences which arise from it must be viewed in a light favorable to her as we are asked to enter judgment against her. The main facts are not in dispute. The real question is: What are the permissible logical inferences to be drawn from them?

These are the facts: Plaintiff, a young woman, employed in a Pittsburgh department store, on her way to work, shortly before nine o'clock in the morning, of a clear day, reached the corner of Franklin Street and Swissvale Avenue in Wilkinsburg. The curb at this corner is rounded, not set at a right angle. She intended to cross Swissvale Avenue. She stopped at a distance from the cartway, which she estimated at a foot or eighteen inches, turning to look to her right along Swissvale Avenue. In answer to the question addressed to her on cross-examination whether she was sure she did not step off the curb, she said, "I did not step off." Pressed as to whether she was "quite sure of that" she replied, "Yes, sir." She had no recollection of what happened after she stopped on the pavement. When consciousness returned, she found herself in a hospital, severely injured.

Defendant's Buick automobile, driven by her chauffeur, on her business, he alone being in it, was proceeding along Swissvale Avenue, from plaintiff's left. She did not remember having seen it or being aware of its presence. Franklin Street was to her left. A street car was moving along Swissvale Avenue just as the automobile reached the intersection of Franklin Street. To give the street car a wider berth, the chauffeur swerved into Franklin Street, and then out again, coming within a foot or two, so he estimated, of the curbstone on Swissvale Avenue, where he saw plaintiff standing. He did not see her move. The front of his car passed her. The handle of the automobile door struck her left arm,

tearing the sleeve of the garment she was wearing, pene-
trating the flesh of her arm for some distance and throw-
ing her onto the pavement, her legs extending into the
roadway. There is no question about the handle striking
her, it was bent and had flesh and blood on it. The chauf-
feur realized that he had struck her, stopped his car
and backed it to where she was lying unconscious. With
the help of passers-by, he lifted her into his automobile
and took her to a hospital. A witness, Lowery, who was
driving his automobile on Swissvale Avenue toward
plaintiff's right and who had slowed down because of
the trolley car in front of him, saw plaintiff, as she
walked along Franklin Street toward Swissvale Avenue,
saw that she stopped at the corner and was standing on
the pavement looking in the direction from which he was
coming (to her right) and at the same time noticed de-
fendant's automobile coming on Swissvale Avenue in the
opposite direction, at a speed which he estimated at
forty-five miles an hour, observed that when it was be-
tween the street car and the curb line it swerved into
the intersection and then back into the line of Swissvale
Avenue, that the automobile passed between plaintiff,
still standing on the pavement, and him, and as it cleared
his view, he saw her lying on the pavement. He was
about fifteen feet away from plaintiff as the automobile
passed her. He did not see the actual impact of the
automobile with plaintiff. Its passing between them shut
off his view. He said it did not run up over the curb; the
chauffeur likewise testified. He, the chauffeur, called by
plaintiff, said he saw plaintiff standing on the corner,
admitted that the door handle struck her, but said no
other part of the car did, because there were no marks
on the car.

On these facts defendant contends the court should
have entered judgment in her favor because: (1) The
case is grounded upon circumstantial evidence which
does not preclude the possibility of injury in any other
way than as the result of defendant's negligent act;

*(Brooks v. Morgan,* 331 Pa. 235, 200 A. 81; *Lithgow v. Lithgow,* 334 Pa. 262, 5 A. 2d 573. See also *Wenhold v. O'Dea,* 338 Pa. 33, 12 A. 2d 115) ; (2) The theory of plaintiff as to the happening of the accident is based upon an inference or a presumption which the evidence proves to be mathematically impossible.

As to the first proposition, defendant argues that it is possible that plaintiff, instead of standing on the pavement, may have stepped forward. This is negatived by her positive testimony that she did not step off the curb. Secondly, it is suggested that she may have tripped or fainted and fallen against the automobile. But the witness Lowery saw her standing on the pavement an instant before she was struck and the chauffeur, who saw her standing as he passed her, did not see her move. We think her testimony and that of Lowery and the chauffeur negatives such hypotheses as appellant suggests.

Appellant's second proposition is based upon the idea, (a) that the door handle was the only part of the automobile which came in contact with plaintiff's body; and (b) that it is mathematically impossible that it could have done so, had she remained standing on the pavement. As to the first, while it is admitted that the door handle hit her, it by no means follows to a certainty that no other part of the car did. The basis for appellant's idea that no other part did, is, because the chauffeur testified there were no marks on the automobile, except the bent door handle and the flesh and blood on it, but there were injuries to plaintiff higher up on her body which might have been caused by contact with higher parts of the car than the door handle, leaving no marks on the body of the car. She had a fracture of the left collar bone, contusions of the neck and a fracture of one of the vertebra of the neck.

The alleged mathematical impossibility of the injuries being inflicted as plaintiff contends they were, if she remained standing on the sidewalk, is the proposition most strongly pressed by defendant. It was shown that

the door handle was 43 inches above the cartway, and that the height of the curb, plus the height of the injury on plaintiff's arm above the surface on which she was standing, was 53 inches and it is argued that it is impossible for the door handle "to have leaped" this intervening space of 10 inches between the height of the door handle and the point of injury to her arm. This calculation assumes that plaintiff was standing erect. She may not have been, she was looking to the right possibly relaxed, not at full height, her left arm, the one struck, toward the car. The car may have bounced on its springs. Her inerectness and its bounce could have obliterated this seeming distance. There is no mathematical certainty in this proposition. The incontrovertible physical fact rule does not apply where there are possible variables and where moving objects are concerned: *Schaeffer v. Reading Transit Co.*, 302 Pa. 220, 153 A. 232; *Reiser v. Smith*, 332 Pa. 389, 2 A. 2d 753. We think it not an unreasonable conclusion that the automobile struck plaintiff as she stood on the sidewalk when all the facts and circumstances are taken into account. "It is not always essential that there should be an eyewitness to the occurrence. The proof may be furnished by the circumstances themselves. The test is whether they are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant": *Ferry v. P. R. T. Co.*, 232 Pa. 403, 406, 81 A. 426; *Miller v. Siebert*, 296 Pa. 400, 145 A. 909. Cases such as *Brooks v. Morgan*, 331 Pa. 235, 200 A. 81, and *Lithgow v. Lithgow*, 334 Pa. 262, 5 A. 2d 573, are not controlling. In those cases the proofs were such that any finding by the jury would be based upon a mere conjecture. Here there is sufficient to satisfy reasonable minds that plaintiff was standing on the sidewalk when struck.

There are two decisions of ours which have a direct bearing on this case. In *Ross v. Riffle*, 310 Pa. 176, 164 A. 913, where the plaintiff was standing on the side-

walk and was struck by a passing automobile, we said (p. 178), speaking by Mr. Justice DREW: "The assignments of error relate principally to the refusal of defendant's motions for binding instructions and judgment n. o. v. In passing on them, we shall regard all testimony and reasonable inferences therefrom favorable to plaintiff as true, unless negatived by incontrovertible physical facts, and reject all inferences unfavorable to him. . . . Plaintiff . . . walked to the edge of the sidewalk, intending to cross the street. . . . Plaintiff stopped just short of the inside line of the curb, and looked up and down the street for traffic. . . . As he was turning his head . . . he was struck by defendant's car, . . . Plaintiff testified that he did not know what hit him, that the accident happened suddenly and without his having seen the object which struck him. . . . Defendant testified . . . without contradiction that he did not drive over the curb. . . . Defendant contends that plaintiff's case does not furnish any believable account of the occurrence, or show any negligence on the part of defendant. He insists that the accident could not have happened as plaintiff and his witness stated, and that the only reasonable explanation of the happening is that plaintiff walked into the side of defendant's moving car and was injured thereby. . . . It is probable that as defendant turned his car away to keep from hitting the curb, . . . the right front fender crossed the curbline and struck plaintiff." *Miller v. Siebert,* 296 Pa. 400, 145 A. 909, is another case where the plaintiff standing on the sidewalk was struck by a passing car. There were no eyewitnesses and the only testimony bearing upon the circumstances was that of plaintiff. Speaking through the late Chief Justice FRAZER, we said (p. 403): "He was certain he stood on the sidewalk and not upon the roadway, when struck; . . . 'the machine must have swerved and catched me; that is all I know.' In the light of his definite testimony, we are left with the reasonable inference that the acci-

dent and the injuries resulted from the facts upon which he relies. . . . Undoubtedly the uncontradicted testimony of plaintiff, while it showed no negligence on his part tended to prove negligence on the part of the driver of the automobile. But there his own testimony was obliged to stop; rendered unconscious by the violence of the impact with the automobile, he was powerless to learn and remember particulars. . . . the machine swerved toward the curb, with doubtless a part of its body overhanging the sidewalk, striking plaintiff and inflicting injury to such extent as to render him unconscious . . . the fact that the former was on the sidewalk, where he had a right to be, raises a presumption that if the automobile had been driven properly it would not have struck him: *Hunter v. Pope*, 289 Pa. 560. Defendant offered no evidence to overcome this presumption; hence it is a reasonable, in fact, a necessary, assumption, that it was either driven recklessly and negligently close to, with some part of it extending over the sidewalk as it rushed by, or that the driver did not have the vehicle under the control which the rules of law and reasonable care require, . . . We are accordingly of opinion that the circumstances of the case and the inevitable and legal inferences to be drawn from the evidence furnish sufficient proof to establish negligence on defendant's part."

We conclude that there is sufficient shown in the case in hand to sustain the verdict and judgment in plaintiff's favor.

Judgment affirmed.

DISSENTING OPINION BY MR. JUSTICE DREW:

Plaintiff's own testimony establishes that she was standing on the sidewalk at least twelve inches from the edge of the curb at the time of the accident. Beyond this fact she admits she knows nothing of how the accident occurred. Her two witnesses testified positively that the car did not leave the street and run over the curb.

Her principal witness, Lowery, who observed the car at all times, said definitely that the car did not lurch at all, which it would have had to do if it did go over the curb. His testimony on this point was: "Q. You would have seen the car lurch, had it gone up over? A. Yes. Q. And there was no lurching or anything like that? A. No, sir." This also negatives any possible bouncing of the car on its springs.

The error of the majority opinion is in ignoring the testimony of plaintiff's own witnesses, the only people who know of the movements of the car. In view of their testimony, it is futile to quote from *Miller v. Siebert,* 296 Pa. 400, a case in which there was no testimony at all except that plaintiff stood on the sidewalk. There the late Mr. Chief Justice FRAZER carefully pointed out (p. 406) that "Defendant offered no evidence to overcome this presumption [of negligence] . . ." In the instant case the testimony of plaintiff's own witnesses rebut any inference from the happening of the accident that the car swayed violently or went up over the curb.

As to the case of *Ross v. Riffle,* 310 Pa. 176, the circumstances there were so different from those here that it is no precedent for the majority opinion. In that case plaintiff stood *on the edge of the curb* and we said (p. 180) that ". . . it is probable that as defendant turned his car away to keep from hitting the curb, . . . the right front fender crossed the curbline and struck plaintiff." In the instant case, where the car did not lurch "or anything like that," and did not go over the curb, it is inconceivable that the door handle could reach out twelve inches to catch plaintiff.

I would grant judgment n. o. v., because plaintiff has failed to show how the accident happened. The burden was upon her to show that defendant's chauffeur was negligent and that his negligence was the proximate cause of the accident, but this she did not do. She has not shown anything which, even by a stretch of the imagination, shows negligence on the part of defendant. And

242

"Circumstantial evidence to sustain a verdict must be so strong as to preclude the possibility of injury in any other way, and provide as the only reasonable inference the conclusion for which the contention is made . . .": *Pfendler v. Speer*, 323 Pa. 443, 448; *Wenhold v. O'Dea*, 338 Pa. 33. It is obvious that this is not the situation under the present circumstances. "A verdict in favor of the plaintiff under such circumstances necessarily would rest upon speculation and conjecture rather than upon proof of negligence of defendant": *Brooks v. Morgan*, 331 Pa. 235, 239; *Wenhold v. O'Dea*, supra.

Mr. Justice PATTERSON joins in this dissent.