## Kniess v. Badolato, Appellant, et al.

Argued October 9, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*James J. Burns, Jr.,* with him *Gustav M. Berg,* for appellant.

*Emanuel Amdur,* with him *Harry H. Negley,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 24, 1941:

George P. Kniess, the appellee, was injured, while engaged in his duties as a railway mail clerk, in removing the locks from an incoming railway mail car, when he fell from a cement wall or abutment, five feet in height, separating two railroad siding tracks on the ground or track floor of the Federal Building, Pittsburgh. Having removed the locks from the doors on the "platform" side of the car, appellee had moved around the end of the car to the top of the abutment on the opposite side, which,

although it was only twenty inches wide and at regular intervals supported piers or columns of the same width, extending from the abutment to the ceiling, was customarily used as a "catwalk" by postoffice employees in removing locks from the "off platform" or "blind" side of mail cars. As appellee pulled himself around one of the piers, he stepped upon two loose boards or planks which were lying on the top of the wall, lost his balance, and fell to the tracks below.

For the injuries thus sustained appellee brought suit against Frank P. Badolato, appellant, alleging that the planks were placed on the abutment through his negligence or the negligence of his employees, and Badolato, who was engaged, as sub-contractor, in construction work on the premises at the time of appellee's injuries, brought another sub-contractor, Frank H. Robinson, upon the record as additional defendant. At the trial binding instructions were given in favor of the additional defendant, "because he was not brought into the case in time", but were refused as to appellant, and the jury returned a verdict in favor of appellee in the sum of $5,000. Appellant moved for judgment non obstante veredicto, contending, inter alia, that appellee's proofs were insufficient on the issue of appellant's negligence, and for a new trial. The court en banc overruled both motions and directed that judgment be entered on the verdict, stating as follows with respect to the motion for judgment: "While the case is a close one, we are of opinion that there was sufficient evidence to sustain an inference that the boards belonged to the defendant, and that their position on the catwalk resulted from their handling by defendant's employees." From the judgment so entered, appellant has taken this appeal, contending that the refusal of the court below to enter judgment in his favor was error.

Prior to and at the time of appellee's injuries, appellant, Badolato, one of three sub-contractors, was engaged, through his employees, in installation of metal

lathing, under a general contract for alteration to the ceiling of the track level floor of the Federal Building. Because of the nature of the work, it was necessary that appellant erect a scaffolding and for this purpose he used approximately 800 planks which, as appellee's evidence establishes, were similar in appearance to the two planks with which appellee came in contact, lying on the abutment. At the same time, another sub-contractor, Joseph C. Ferraro, who was in charge of the electrical work in connection with the ceiling alterations, was using, for similar purposes, about 25 planks, which were also of the same type and general appearance as the two in question. The third sub-contractor, Frank H. Robinson, the additional defendant, engaged in attaching "blast plates" to the lathing previously installed by appellant, had erected a scaffolding of a more or less permanent nature but had abandoned its use long prior to the accident and at that time, and for some time prior thereto, had been using appellant's planks and scaffolding exclusively.

As witnesses for appellee, appellant's foreman and scaffold builder testified as to the manner of erecting and dismantling the scaffolding, which was moved ahead as the work progressed, and that the work of erection and dismantling was done by appellant's employees only, except on one occasion, occurring after the two planks had first been seen lying on the abutment, according to appellee's evidence, when a portion of the scaffold had been dismantled by employees of Frank H. Robinson, additional defendant, but they denied that any of the planks used by appellant had been placed or left upon the abutment and denied seeing any there. Upon what part of the track floor Ferraro's employees may have been at work when the two planks were first observed on the abutment, three days before the accident, does not appear, nor does appellee's evidence show anything with respect to the location of the Ferraro planks at this time, whereas it affirmatively appears by the testimony of at

least two witnesses for appellee, and is contradicted by the testimony of none, that no employee of appellant was working in the vicinity of the portion of the abutment from which appellee fell and that no part of appellant's scaffold was nearer than 200 to 250 feet from the place of accident, either on the day the planks were first seen or thereafter until the accident. All the evidence on the subject shows that the work had passed that point at least six working days, or more than a week, before.

While it is stated by both the court below and counsel for appellee that one of the witnesses positively identified the two planks in questions as having been a part of appellant's scaffold, we are unable to find anything whatever in the record to support such assertion. One Hall, a railway mail clerk, who had testified that he observed the planks lying on the abutment three days before the accident, from a platform fourteen feet away, was asked by counsel for appellee, over objection: "Do you know of your own knowledge whether or not the two timbers that you saw lying on this abutment those three days came from the scaffold that was used by Mr. Badolato?", and the witness answered, "Yes". By inadvertence or design, counsel for appellee omitted to inquire from the witness as to what his knowledge was. Without direct evidence by any eyewitness as to how the planks in question came to be upon the abutment, or as to when or by whom they were placed there, appellee contends that there was evidence of facts and circumstances sufficient to sustain an inference that appellant was the party responsible for the presence of the two planks upon the abutment; consequently, that the court below properly submitted the case to the jury.

Assuming that whoever placed these two planks upon the abutment was negligent, the burden was upon appellee, since his case was grounded solely upon circumstantial evidence, to establish not only that appellant was in a position to have caused the injury, but also to exclude every other probable cause. "Of course, negli-

gence may be established by circumstantial evidence, where it creates a reasonable probability of the defendant's fault, and excludes every other reasonable cause. . . . To show a state of facts from which it appears the injury may have been due to one or more causes [for which the plaintiff would not be liable] is not sufficient. . . . A party is not liable for a wrong because it must have been committed by himself or by someone else": *Cain v. Booth & Flinn, Ltd.,* 294 Pa. 334, 338. See also: *Fleccia v. Atkins,* 270 Pa. 573, 575; *Wolk v. Pittsburgh Hotels Co.,* 284 Pa. 545, 554; *Ranck v. Sauder,* 327 Pa. 177, 180-81; *DeReeder v. Travelers Ins. Co.,* 329 Pa. 328, 333-34. Conceding that "more than one inference as to the ownership of the planks might have been derived from all the facts", appellee urges that, since appellant's scaffolding required 800 planks whereas Ferraro used only 25 planks, the more probable hypothesis is that the two planks on the abutment were part of those used by appellant, because "it is far more easy to properly control 25 planks and know their whereabouts than it is to keep track of over 800 planks"; with this inference attained, he then argues that, as appellant's employees erected and dismantled the scaffolding, the planks must have been placed where they were found by one of such employees.

We are of opinion that appellee's evidence was insufficient to prove negligence on the part of appellant. As only two planks are involved, the mere circumstance that appellant used the greater number of planks clearly affords no adequate basis for inferring that the planks in question were his, and if it did, it would nevertheless be as reasonable to infer that they came to be on the wall through the carelessness of any of the numerous other persons employed on the track level at the time, many of whom admittedly made use of appellant's planks and scaffolding, as by any of appellant's employees, none of whom, under the evidence, could have had any possible use for planks, for more than a week prior to the acci-

dent, near the portion of the abutment from which appellee fell. The inference sought to be drawn by appellee from the evidence thus collides with other inferences at least equally as plausible and, under these circumstances, he was not entitled to submit his case to the jury. Here, as in *Cain v. Booth & Flinn, Ltd.,* supra, "the fault may have been that of [appellant], as was so ably argued by [appellee's] counsel, but as other reasonably possible causes were not eliminated, the finding to that effect was a mere guess and cannot be sustained".

. Other questions are raised but, as what has already been said necessarily disposes of the case, they need not be considered.

The judgment is reversed and judgment is here entered for appellant.