# Donovan *v.* The Peoples Natural Gas Co., Appellant.

*Negligence—Sidewalks—Projecting gas pipe—Case for jury.*

In an action of trespass to recover damages for personal injuries, the case is for the jury and a verdict for the plaintiff will be sustained, where it appeared that the latter was injured by falling over a gas curb box of the defendant company which projected about three or four inches above the surface of the sidewalk.

52 DONOVAN *v.* PEOPLES NATURAL GAS CO., Appel.

In such case the contention of the defendant that judgment should be entered in its favor non obstante veredicto, because it was a physical impossibility for the plaintiff to be injured in the manner described by her, will be denied, where the conclusions to be drawn from the evidence are not so definite as to permit the court to set aside the verdict.

Argued April 28, 1924. Appeal, No. 12, April T., 1924, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1921, No. 1947, on verdict for plaintiff in the case of Norah Donovan v. The Peoples Natural Gas Company. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HAYMAKER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $1,000 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Arthur E. Young,* and with him *Denton Borger* and *Edward M. Borger,* for appellant.

*W. C. McDougall,* for appellee.

PER CURIAM, July 2, 1924:

The plaintiff was injured by a fall on the sidewalk near her home, at about half past nine in the evening, as she was going to the house of her next door neighbor. The cause of the injury was alleged to be a projecting gas pipe of the defendant company on which she stumbled and fell. The assignments of error only require us to consider whether there was evidence which made necessary the submission of the case to the jury. The testimony on behalf of the plaintiff is clear to the effect

that the pipe in question projected above the level of the walk from three and one-half to four inches and was covered by a cap seven or eight inches in diameter. There is no contradiction of the evidence that the plaintiff was hurt by a fall. The contention of the defendant is, however, that if the occurrence was as shown by the plaintiff's evidence she could not have injured her right knee on the projecting pipe. The plaintiff testified that as she walked her left foot struck the pipe and caused her to stumble and fall in which movement her right knee struck the cap of the pipe. The argument of the appellant is based on the proposition that in the nature of things it was impossible that she could have struck the pipe with her left foot and as a result have so fallen as to injure her right knee in the manner described, and we are asked to hold that it is uncertain how the plaintiff was injured because it is evident as a physical fact that the result could not have been produced by a fall on the pipe if she was thrown down when her left foot came in contact with it. Whatever may be the operation of physical laws as related to inanimate objects, we think it clear that the manner in which a person may fall who strikes his foot against an obstruction is not a matter of common knowledge nor subject to the invariable operation of gravitation. The size of the person, the rapidity of movement, and the effort to maintain one's equilibrium, are factors likely to produce unexpected results. The discussion of the subject in the opinion of the learned trial judge refusing judgment for the defendant n. o. v. makes evident the difficulty of following the argument of the appellant to a legal conclusion. It is unnecessary to enlarge on that discussion. The case was necessarily one for the jury under the evidence.

The appeal is dismissed and the judgment affirmed.