# Mack, Appellant, v. United States Gypsum Co.

*Negligence—Operation of hoist—Evidence—Contrary to physical facts—Nonsuit.*

1. In an action by a workman for personal injuries alleged to have been caused by the negligent operation of a hoist in the construction of a building, it is the duty of the plaintiff so to picture or describe the facts upon which he depends to show liability on the part of the defendant as to enable the jury to visualize the occurrence and to form an independent judgment thereon.

2. No recovery can be had in such a case where, taking into consideration the physical facts described by plaintiff, it was impossible for the accident to have occurred in the manner alleged.

Argued November 26, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 197, Jan. T., 1926, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1924, No. 4859, refusing to take off nonsuit, in case of Edward Mack v. United States Gypsum Company. Affirmed.

Trespass for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*Wm. O. Armstrong,* for appellant.

*Layton M. Schoch,* for appellees.

PER CURIAM, January 3, 1927:

Plaintiff, Edward Mack, was employed by a builder to do common labor in the erection of an apartment house. During the course of the construction of this building, defendant company operated a hoist, such as is commonly used to carry materials to and from upper

floors of structures in course of erection.  Running along the outside of the building, at the level of the third floor, was a scaffold platform, through which the hoist shaft extended.  The platform was six feet wide, except where it passed this shaft; there it was but two feet wide, the remaining four feet being occupied by the shaft.  Plaintiff sued for injuries sustained while carrying some pieces of moulding 18 feet long across this narrow portion of the platform; he alleged that the hoist, operated by defendant's employee, descended from a floor above, without giving the accustomed signal, and, while plaintiff was on the two-foot "walkway," "at about the middle of the hoist opening," the opening being four feet in width, the descending lift hit the rear end of the moulding he was carrying on his left shoulder and which extended nine feet back of him, —hit the part which extended back of him, though at the time he was carrying the moulding "straight."  Thus, according to plaintiff's account, he was thrown and injured.  The trial judge entered a compulsory nonsuit, which the court in banc subsequently refused to take off.

We agree with the court below that plaintiff failed to prove negligence on the part of defendant's employees; for even though it be assumed that plaintiff's description of the manner of the accident is correct, he failed to show what caused the hoist to descend.  In fact, the testimony is to the effect that even the person standing beside the engine at the time of the accident did not see the man in charge start it, that the engineer was standing "idle" at the time.  The practice of ringing the signal bell must have been to notify persons of danger under the hoist, not those using the scaffold platform, which was entirely outside the hoist shaft.  But the proper grounds for sustaining the nonsuit are that, taking into consideration the physical facts which plaintiff describes, it was impossible for the accident to have occurred in the manner alleged.  There is some talk in the evidence about a fire tower, containing steps that plaintiff intended to use,

the opening to which tower was on the platform and about two feet beyond the opening of the hoist shaft; but plaintiff failed entirely to show how, even taking into consideration the location of both of these openings, the descending hoist could have hit the moulding he was carrying or caused the fall from which he received his injuries. It is the duty of the plaintiff in a case of this sort "so to picture or describe" the facts upon which he depends to show liability on the part of defendant as to enable the jury to visualize the occurrence and "to form an independent judgment" thereon: Harkins v. Phila. R. T. Co., 286 Pa. 465, 466. A verdict for plaintiff based on such evidence as we now have before us could not, if rendered, be permitted to stand (Maue v. Pittsburgh Rys. Co., 284 Pa. 599, 603); hence the court below committed no error in refusing to remove the nonsuit.

The judgment is affirmed.