## Fisher et al., Appellants, *v.* Amsterdam.

*Negligence — Automobiles — Backing automobile — Evidence — Sounding horn—Negative testimony—Nonsuit.*

1. In an action for personal injuries alleged to have been caused by the negligent backing of an automobile, a nonsuit is properly entered where the court is of the opinion that plaintiff by himself and witnesses, failed so to describe, picture or visualize what actually happened at the time of the accident, as to enable one fixed with the responsibility of ascertaining the facts to find that defendant was guilty of negligence.

2. Negative testimony of witnesses, who were not shown to be listening, that they heard no warning given of the approach of an auto by sounding a horn, is not sufficient to convict defendant of negligence.

Argued April 19, 1927. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeals, Nos. 212 and 213, Jan. T., 1927, by plaintiffs, from order of C. P. No. 1, Phila. Co., Sept. T., 1925, No. 5424, refusing to take off nonsuit, in case of Paul Fisher, by his father and next friend, Benjamin Fisher, and Benjamin Fisher, in his own right, v. Louis Amsterdam. Affirmed.

Trespass for personal injuries. Before Bartlett, P. J.

The opinion of the Supreme Court states the facts. Nonsuit; and refusal to take off. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting record.

*H. H. Krekstein,* of *Krekstein, Cohen & Schweidel,* for appellants.

*Louis Wagner,* with him *Richard A. Smith* and *Wilbur F. Whittle,* for appellee.

Per Curiam, May 9, 1927:

In this case the trial judge entered a nonsuit which the court below refused to remove; the minor plaintiff, hereinafter called · plaintiff, and his father, who also sued, have both appealed.

Paul Fisher, a boy eleven years of age, was in a narrow street with another lad playing hand ball, by throwing the ball against the wall of a house; when just about to catch the ball, he was struck and injured by defendant's automobile, running backward. The game they were playing required the two boys not only to throw the ball but also to be on the lookout for its return. Other automobiles were parked along the street where plaintiff and his companion were playing, but the former said that he did not see defendant's car before the accident. No testimony was presented as to the speed of the car, nor as to the course it was pursuing except that it was going backward. There was no testimony as to how long before the accident plaintiff was in the roadway, or what opportunity defendant had to see him. The car stopped immediately and took the injured boy to the hospital. The only testimony relating to a lack of warning of the approach of the car was that of Paul Fisher himself, who, of course, was interested in his game at the time of the accident, and of another boy, nine years old at that time, who stood some distance away from the actual spot of the collision; and neither

of these boys were shown to have been listening. It was defendant's duty to sound his horn repeatedly when running his car backward in the street, but the testimony as to his not having given warning was purely negative, the witnesses simply saying "No," to the question, "Did you hear any horn blow?" Taking into consideration all the testimony in the case, the majority of the court think that plaintiff, by himself and his witness, failed so to describe, picture, or visualize what actually happened at the time of the accident as to enable one fixed with responsibility for ascertaining the facts to find that defendant was guilty of negligence; therefore the nonsuit was properly entered: Mack v. U. S. Gypsum Co., 288 Pa. 9, 11.

The order appealed from is affirmed.