Koshgerian, Appellant, *v.* Yellow Cab Co.

Argued October 16, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Nochem S. Winnet*, and with him *B. I. DeYoung*, for appellant.

*M. Randall Marston*, for appellee.

OPINION BY BALDRIGE, J., January 30, 1931:

This is an appeal from the refusal to take off a nonsuit and to grant a new trial in an action of trespass.

At about noon, on February 17, 1929, the plaintiff was an occupant of an automobile being driven west on Spruce Street, approaching 62d Street, in the City of Philadelphia. Spruce Street is 44 feet from curb to curb and the sidewalks are 18 feet wide; 62d Street has a 34-foot cartway and the sidewalks are 13 feet in width. When Oski, the driver of the car, came to the east house line of 62d Street, he saw the defendant's cab, 60 or 70 feet away, coming from his right at a

speed of about 20 miles an hour. Oski and the plaintiff proceeded, neither of them looking again until they were halfway across the street, then Oski saw the cab about 10 feet away, which he hesitatingly estimated was going 30 miles an hour. But the accident did not occur at that point. Oski testified that in order to avoid a collision, the cab turned west on Spruce Street, moving in the same direction as the plaintiff's car, and the two cars collided, not at the intersection but after they had gotten past the 62d Street crossing; then "the rear of his (the defendant's) car hit the side and front of my car." The court below held that Oski and the plaintiff, who was sitting on the front seat with him, were both guilty of contributory negligence and, furthermore, that there was no evidence of negligence upon the part of the defendant.

It is unnecessary to discuss the question, whether the plaintiff was guilty of contributory negligence, for, in our view, she failed to meet the burden of showing the defendant's negligence. It does not clearly appear that the defendant's cab ran into the car in which the plaintiff was riding, indeed, the physical facts indicated the contrary. Just how the accident occurred is not definitely shown, nor was it proven in what respect the defendant was negligent. Was he operating the cab at an excessive speed? The meager and uncertain testimony did not establish that fact. Or did the defendant negligently encroach upon the other car's side of the street? The plaintiff failed to discharge her duty of definitely and fully describing what occurred so as to enable the jury to have a clear understanding of the cause of the collision in order to place the responsibility where it belonged. As was said in Mack v. U. S. Gypsum Co., 288 Pa. 9, "It is the duty of the plaintiff in a case of this sort 'so to picture or describe' the facts upon which he depends

to show liability on the part of defendant as to enable the jury to visualize the occurrence and 'to form an independent judgment' thereon.'' See also Fisher v. Amsterdam, 290 Pa. 1.

Judgment is affirmed.