## Hoffman v. Herman

*Robert F. Irwin, Jr.*, for plaintiff; *Richard A. Smith*, for defendant.

MacNeille, J., June 11, 1932.—We are considering a motion for judgment n. o. v. taken by the defendant.

The verdict was for the plaintiff, a widow, and was for damages for the death of her husband due to the alleged negligence of defendant. There were no exceptions to the charge and no motion for a new trial. The facts of the accident by which the husband of the plaintiff suffered injuries that resulted in his death were established by the plaintiff calling the defendant as a witness under cross-examination.

Hoffman, a man of good health and habits, was employed attending a gas station on Bustleton Pike near Bensalem Pike, in the City of Philadelphia, and, at the usual hour, that is, 7 o'clock, December 31, 1929, he apparently left his place of employment to walk northwardly on Bustleton Pike to his home. It was dark, and, though there was a light at Bensalem Road and Bustleton Pike, there was no light at the point at which the decedent was apparently struck on Bustleton Pike, which was 150 feet south of Bensalem Road, and the next light was 150 feet further south, so that he was struck at a dark place in the road.

The defendant, called under cross-examination, testified that at that point his Ford car, which he was driving, struck the deceased, and that this point of contact was about eight feet from the center of Bustleton Pike, which is twenty feet wide, and two or three feet from the edge of the pike.

The defendant further testified there were no sidewalks on Bustleton Pike, but there was a path on the side. This question was not gone into further, but certain photographs were placed in evidence and submitted for the inspection of the jury without any objection on the part of the defendant. ·An inspection of these photographs will show that the jury had a right to believe that by their appearance they contradicted the testimony of the defendant. Since they were put in evidence, we assume the jury considered them, and we believe they concluded that the evidence did not establish another place where the decedent should have walked.

We believe that this testimony is sufficient to establish the fact that the decedent was walking on Bustleton Pike, which is a road in the country. We do not feel that we could say as a matter of law he should not have been walking on the pike. We cannot assume contributory negligence on the part of a decedent. It was for the jury to say whether the facts and circumstances of the accident established his contributory negligence. By their verdict they affirmed the sufficiency of the evidence to establish the negligence of the

defendant. If there is sufficient evidence to warrant their conclusion in this regard, we cannot grant the motion n. o. v.

As to the defendant's negligence, we turn to his own testimony. He testified that he was familiar with this road and used it from two to four times each day; that at the time of the accident he was on the way from his home, which is one mile from the scene, to go to a doctor's office in Bustleton; that he was driving about twenty to twenty-five miles an hour in a Model A Ford car; that when he reached Bensalem Pike, proceeding on Bustleton Pike, he saw an automobile coming towards him with strong lights, the glare of which blinded him. He continued driving for a distance of 150 feet, saying at one time that he drove at the rate of about twenty-five miles an hour and another time that he had turned his power off and was moving slowly. As he proceeded, the glare became greater. On this statement of facts, as shown by the verdict, the jury concluded the defendant was negligent.

We think the question of the negligence of the defendant was properly submitted to the jury, as was the question of the contributory negligence of the decedent.

This case is similar to Reardon v. Smith, 298 Pa. 554. In the Reardon case, there was no eye-witness to the fact that the decedent was struck by the automobile, but in the case at bar the defendant himself testified that it was his car that struck and killed the decedent. In this respect our present case is stronger. It is not essential that there should be an eye-witness to the occurrence. The proof may be furnished by the circumstances themselves, and the test is whether they are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the driver of the automobile.

The defendant suggests we should assume that the decedent suddenly jumped from the side of the road into the front of the automobile. We see nothing in the evidence that would justify that assumption. We cannot say as a matter of law that the decedent had no right to walk on the highway. Under most circumstances, it would be negligent for Hoffman to have so walked, but this matter could only be determined by submission to the jury. The evidence plainly shows that this man was on the road, apparently walking, and was struck by the defendant's car. Confirmatory evidence that the decedent was walking on the road is furnished by the defendant's own testimony, that as a result of the contact his right head-light was broken. There is nothing in the evidence, then, to warrant the guess that the decedent was lying on the road. There is a wide range of possibilities with which we may indulge our imagination. We may imagine that Hoffman was drunk and that he was lying on the road, or that he attempted to commit suicide, or that he suddenly jumped in front of the machine, but there is absolutely no evidence to warrant any of these assumptions. It was within the reasonable scope of conjecture for the jury to find as they did. Indeed, it is rather difficult to see that they could have found otherwise. The evidence was sufficient to establish to reasonable and well-balanced minds that the accident resulted from the negligence of the defendant. See Ferry v. P. R. T. Co., 232 Pa. 403; Miller v. Siebert, 296 Pa. 400. It was the burden of the plaintiff in this case so to picture or describe the facts upon which she depends to show liability on the part of the defendant as to enable the jury to visualize the occurrence and to form an independent judgment thereon. Upon the evidence in this case, the jury had every opportunity to visualize the occurrence. This is in accord with Mack v. U. S. Gypsum Co., 288 Pa. 9.

There can be no reasonable doubt that it was the defendant's automobile that struck Hoffman. Herman, the defendant, says so himself, and the evi-

dence shows conclusively that Hoffman was on the road. The question of defendant's negligence could not have been determined by the court, but it was for the jury alone to say where the evidence discloses the rate of speed at which the defendant was driving, and the distance which he continued to drive during which he admitted he was blinded by the glare of the oncoming car. There can be no doubt that it was the car of the defendant that killed Hoffman, and only the jury could say if the proximate cause of the accident was the defendant's manner of driving at a dark point on a dark road in the manner he did while admittedly blinded.

The defendant's motion for judgment n. o. v. is dismissed.