## Schroeffel et ux. v. Great Atlantic & Pacific Tea Company, Appellant, et al.

Argued April 26, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*John A. Metz*, with him *W. C. McClure*, for appellant.

*Lewis A. Weisberg*, with him *Harry I. Miller*, for appellees.

OPINION BY BALDRIGE, J., July 15, 1938:

On August 31, 1935, Anna Schroeffel, the wife plaintiff, with her arms full of packages, was leaving defendant's store in the city of Pittsburgh. Immediately outside of the door leading to the street was a wooden platform, 23 inches wide and 29 inches long. Its surface was 7-1/4 inches below the floor of the store and 9-1/2 inches above the sidewalk. When Mrs. Schroeffel stepped on the platform, her shoe caught on a nail sticking up half an inch at a point about 2 inches from the right front corner, and she fell to the pavement.

This suit charging defendants with negligence was brought to recover for injuries occasioned by the fall. Verdicts of $300 and $900 were awarded the husband and wife, respectively, against the Great Atlantic & Pacific Tea Company, and a verdict was returned in favor of the additional defendant, Catherine Limbach. These appeals by the original defendant followed.

The appellant does not question the sufficiency of the proof to establish its negligence. Its defense is (1) that the wife plaintiff was guilty of contributory negligence as a matter of law; (2) that the evidence was insufficient to enable the jury to picture and intelligently understand how the accident happened.

If all inferences deducible from plaintiffs' evidence could be resolved in defendant's favor, the defendant,

in its first position, would be strongly intrenched, but, unfortunately for it, in considering the sufficiency of evidence to sustain a verdict upon a motion for judgment n. o. v., the rule is that the courts are required to view the evidence and the inferences deducible therefrom in the light most favorable to the plaintiff, not the defendant: *Vetter v. Great A. & P. Tea Co.*, 322 Pa. 449, 455, 185 A. 613. This testimony must be read with that rule in mind.

The wife plaintiff, on direct examination, described the occurrence as follows: "Q. Then what happened? A. I started out from the store, I walked out, and got on the first step outside the store and my foot got caught on the side, my right foot got caught on a nail on the right side of my foot and I stepped over and when I went to step out with the other foot and this foot would not come under me, I went down with my packages and all and my knees right under me and I fell down on my arm that my packages held and my packages and pocket book and everything was right over the pavement." On cross-examination, she stated, in answer to the question if her foot was caught as soon as she put it down: "It was caught and I went to make a step with the other foot and I went forward with the whole foot because I couldn't get the other off to come with me." Mrs. Irene Jockele testified that she saw Mrs. Schroeffel come out of the store with her arms full of groceries, that "she made her step with her right foot out and as she wanted to make her step down with the left foot, her right foot had catched on to a nail and tripped her and she had fell on the sidewalk with her left shoulder."

There is no evidence to show the exact instant Mrs. Schroeffel realized her foot was caught. The reasonable inference to be drawn from the testimony is that when she stepped on the platform her right shoe caught on this nail but she was not immediately con-

scious of that fact, or, if so, she could not stop instantly and avoid falling. Practically the same moment her shoe caught on the nail, she evidently was thrown off balance, instinctively tried to regain it, but failed, and fell to the pavement. Certainly it cannot be legitimately inferred, as contended by the appellant, that after she was aware her shoe was caught she hesitated for a perceptible length of time and then "forcibly lunged or threw herself forward" in an effort to free herself, thereby voluntarily testing a "danger of which she was aware."

The plaintiffs made out a case free of contributory negligence. Contending that the wife plaintiff was negligent, the defendant had the burden of showing that fact, which it failed to carry. We find no evidence that would justify the court in holding as a matter of law that Mrs. Schroeffel was guilty of contributory negligence.

The appellant, in support of its second position that the evidence failed to adequately describe an accident that would support a verdict, relied principally on *Mack v. U. S. Gypsum Co.*, 288 Pa. 9, 11, 135 A. 623, where it was said: "It is the duty of the plaintiff in a case of this sort 'so to picture or describe' the facts upon which he depends to show liability on the part of defendant as to enable the jury to visualize the occurrence and 'to form an independent judgment' thereon: *Harkins v. Phila. R. T. Co.*, 286 Pa. 465, 466 [134 A. 376]." Of course, we do not question the correctness of that principle. The trouble is to apply it to the facts before us. In that case, plaintiff attempted to prove that his injuries were caused by a descending hoist but he did not show what caused the hoist to descend, and, therefore, failed to establish facts upon which defendant's negligence could be based. See, also, *Pfendler v. Speer*, 323 Pa. 443, 185 A. 618; *Koshgerian v. Yellow*

*Cab Co.*, 100 Pa. Superior Ct. 376; *Bradley et al. v. Rhodes*, 124 Pa. Superior Ct. 161, 188 A. 564.

Here, we have no controversy over the defendant's negligence; nor do we doubt the sufficiency of the testimony for the jury to have determined where, how and under what circumstances the wife plaintiff tripped, fell, and injured herself. We do not place much weight upon appellant's argument that if the accident occurred the way she said it did it would have been physically impossible for her to have fallen on and injured her left side. It is a matter of common knowledge that in falling one may twist and turn, and land in a position that seems almost inconceivable. The rule, that testimony opposed to incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected, is applied only to clear cases where the physical facts make the occurrence as alleged "impossible and unbelievable": *Ross v. Riffle*, 310 Pa. 176, 180, 164 A. 913. This is not such a case.

The facts in *Donovan v. The Peoples Natural Gas Co.*, 84 Pa. Superior Ct. 51, 53, bear a very strong resemblance to those in this case, and the same contention was made as here. The following language used in the opinion is peculiarily apposite: "Whatever may be the operation of physical laws as related to inanimate objects, we think it clear that the manner in which a person may fall who strikes his foot against an obstruction is not a matter of common knowledge nor subject to the invariable operation of gravitation. The size of the person, the rapidity of movement, and the effort to maintain one's equilibrium, are factors likely to produce unexpected results." See, also, *Finch v. H. & H. Baking Co.*, 94 Pa. Superior Ct. 599.

Briefly summarizing, we are of the opinion that the plaintiffs' evidence sufficiently disclosed how the accident happened and that it was due to a protruding nail, which constituted a negligent condition of de-

fendant's premises; that the evidence does not convict the wife plaintiff of contributory negligence as a matter of law, nor does it show that the accident could not have happened as she claims it did.

Assignments of error are overruled, and judgments of the learned court below are affirmed.