Mrs. Alice Sullivan, Respondent, v. S. S. Kresge Company, a Corporation, Appellant.—163 S. W. (2d) 811.

Kansas City Court of Appeals. May 25, 1942.

*Henry L. Jost, Roger. C. Slaughter* and *Frank O. Knight* for appellant.

*C. R. Leslie, Jesse I. Moritz* and *Walter A. Raymond* for respondent.

CAVE, J.—This is an appeal from a judgment rendered in the Circuit Court of Jackson County in favor of plaintiff and against defendant in the sum of $2500 for personal injuries suffered by the plaintiff while in defendant's store as a customer and invitee.

Appellant (defendant) urges but two grounds of error: (1) The refusal of the court to sustain its demurrer to the evidence, because

"(a) Plaintiff's own testimony convicts her of contributory negligence that bars her recovery as a matter of law;

"(b) Plaintiff's evidence shows that the condition of the step was merely a worn condition, and was obvious and just as apparent to, or readily discoverable by the plaintiff as the defendant;

"(c) The evidence fails to show that the condition of the step complained of was not reasonably safe; and that defendant had any knowledge of such condition."

(2) Plaintiff's Instruction No. 1 was erroneous, because

"(a) It permits the jury to find for the plaintiff and against the defendant on facts which, even if true, would not render the defendant legally liable;

"(b) Because said instruction does not require the jury to find that defendant knew, or should have known, that the condition complained of was unsafe and dangerous."

For convenience, we will refer to the parties as they were in the trial court.

In substance, the petition alleged that the defendant owned and operated a general mercantile establishment in Kansas City, and maintained stairs leading from the first to the second floor of its store; that the steps were constructed of concrete and the tread part thereof was about eleven inches wide with a six inch metal strip fastened along the forward half of said tread and flush with the front part thereof;

that one of said steps had been permitted to become defective in that the concrete portion of the tread had become worn, causing a depression or cavity of a depth of about one-half inch immediately back of the metal strip and thereby causing said strip to extend above the worn surface of said concrete approximately one-half inch; that such condition was, or by ordinary care could have been, known to the defendant in time to have repaired the same; that such defective condition caused the plaintiff to catch her heel on said uneven place, and to fall and to be injured. The answer was a general denial.

The facts necessary for consideration of the demurrer may be stated as follows:

Defendant company owned and operated a retail store in Kansas City, Missouri; and the plaintiff, on the day of the alleged injury, was a customer of said store and therefore an invitee. On February 13, 1935, about midday, plaintiff entered defendant's store for the purpose of making some purchases and went from the first to the second floor on an escalator; after completing her business, she started walking down a flight of steps leading to the first floor. This stairway was from eight to twelve feet wide with a handrail down the center and a railing along each side. Plaintiff had been in the store many times and had a general idea of conditions and location of the stairway. The tread portion of the steps was ten or twelve inches wide; the rear half was of concrete and the forward half was covered with a metal plate. Plaintiff came down one flight of steps to a landing and then turned to her left and started down the flight of steps leading to the first floor. There were about seventeen or eighteen steps in this flight. When she reached the sixth or seventh step, her heel caught on something, and she was thrown down the steps to the first floor. She was wearing shoes with cuban heels, which are rather low, broad heels. When she fell, the heel of the shoe which caught was torn off. Some of defendant's employees assisted plaintiff to her feet and took her to a balcony where she telephoned her son. In going to the balcony, she observed the step where she had caught her foot and fallen. In describing the surface of the step, she sometimes referred to it as a "worn place" or "chipped place" or "a hole" or as "a depression." While her choice of words to describe the condition may not be the best or the clearest, but from a reading of her whole testimony, it is clear she was describing a condition where, by use, the concrete portion of the tread of the step had been worn below the edge or surface of the metal plate and because of that condition, the metal plate extended above the worn surface of the concrete from one-fourth to one-half inch, and that the worn surface was approximately two and one-half inches wide and extended for some distance along the surface of the step. She was clear in her testimony that it was not a "freshly chipped" place, because she said there was no fresh concrete or gravel around there, and that she did not mean

that sort of a place, but that it looked like it had been worn by constatnt travel, and that "it had been painted over." After plaintiff fell, and while being assisted up the steps to the telephone to call her son, she testified she pointed out the place to Mr. Kennedy, floorman for the defendant, and the porter for the defendant, both of whom examined the step. The porter did not testify and Mr. Kennedy, whose deposition was read, when asked whether he had noticed the condition of the step, stated:

"I didn't make any examination of them; the only thing I know is just as to the cleanliness of them. I notice that occasionally if I happen to be going over them."

In describing the manner she came down the steps, the plaintiff testified:

"I was just walking—just coming down, just walking—wasn't looking down on the steps. I was just holding onto the railing and walking."

. . . . . . .

"I didn't look at the steps before the accident, before I went in the store. I just looked up and down the steps like—"

Plaintiff's son came in response to her telephone call and assisted her down the steps and out of the store. As they went down, she pointed out to him the step on which she fell. He testified that he observed the condition there and that the back portion of the concrete part of the step was "depressed" below the surface of the metal plate and that there was a difference of about one-half inch in the depression and the plate; the depression was about two and one-half inches wide and ten to fourteen inches in length, and was where pedestrians walked in ascending or descending the steps next to that railing.

Defendant's evidence was to the effect that there was no defect in the steps, but such merely raises a conflict in the evidence which we will not discuss, because we do not pass upon the weight of the evidence.

In passing upon the question as to whether the demurrer to the evidence should have been sustained, we must give plaintiff the benefit of all the testimony favorable to her and also the benefit of all reasonable and legitimate inferences deducible therefrom.

Defendant did not plead contributory negligence as an affirmative defense, but contends that plaintiff's own testimony convicts her of contributory negligence as a matter of law and, if so, then its demurrer should have been sustained whether contributory negligence was pleaded or not. That contention is correct if the evidence justified such a conclusion. [Kleinlein v. Foskin, 321 Mo. 887, 13 S. W. (2d) 648; White v. Railroad, 250 Mo. 476.] But the vital and perplexing question confronting us is, does plaintiff's evidence convict her of contributory negligence as a matter of law? Before it can be said that she was guilty of contributory negligence as a matter of law,

her evidence must present a situation where reasonable minds could not differ about the conclusion that she had failed to exercise the degree of care which an ordinarily careful and prudent person would have exercised under the same or similar circumstances. [Bankhead v. First National Bank of St. Louis, 137 S. W. (2d) 594; English v. Schlender, 47 S. W. (2d) 150; Simon v. S. S. Kresge Co., 103 S. W. (2d) 523.] Defendant argues that plaintiff's own testimony discloses that, in descending the steps, she did not observe them or look where she was going with sufficient particularity to determine whether they were defective or not. No complaint is made in the petition or in plaintiff's evidence that the stairs were not sufficiently lighted. As an invitee, plaintiff had the right to assume that defendant's premises were reasonably safe for the uses and purposes intended, and especially so as regards the stairway which she and all other customers were invited to use in descending from the second to the first floor of defendant's store, and as to which she had received no warning of any danger. [Kennedy v. Phillips, 319 Mo. 573, 5 S. W. (2d) 33; Bankhead v. First National Bank of St. Louis, *supra.*]

We do not believe plaintiff's evidence would justify the classification of this case as coming within the class of cases where the plaintiff does not look at all; she said, in effect—"I wasn't looking down on the steps. . . . I just looked up and down the steps like—" Furthermore, she said she placed her hand on the railing as she descended the steps, thus indicating caution on her part. We believe the rule applicable here is, that while the owners of premises are not insurers of the safety of an invitee, nevertheless, such owners are liable to an invitee, using due care, for an injury occasioned by an unsafe condition of the premises which is actually or constructively known to the owner or possessor, but not to the invitee, and which the owner or possessor has suffered to exist. [Vogt v. Wurmb, 318 Mo. 471, 300 S. W. 278; Stoll v. First National Bank of Independence (Mo.), 134 S. W. (2d) 97; Smith v. Sears Roebuck & Co., 84 S. W. (2d) 414; Hubenschmidt v. S. S. Kresge Co., 115 S. W. (2d) 211; Bankhead v. First National Bank of St. Louis, *supra.*]

If plaintiff's evidence is to be believed, and in passing on the demurrer, this court must accept it as true, we have a situation where there was an obstruction directly in the path used by pedestrians ascending or descending the steps, and a condition which was not easily observable because the "worn" or "depressed" place had been painted. In other words, the condition was not obvious to her.

"Where the danger is not so obvious that a person should have seen it in the exercise of ordinary care, failure to discover it is not negligence. Negligence does not become a question of law alone, unless the acts constituting it are of such a character that all reasonable men would concur in the pronouncing them so." [Becker v. Aschen, 344 Mo. 1107, 131 S. W. (2d) 533; State ex rel. v. Haid, 330 Mo. 959, 51 S. W. (2d) 1015; Wilson v. Wells, 321 Mo. 929, 13 S. W. (2d) 541.]

We conclude we would not be justified in declaring that plaintiff's own evidence convicts her of contributory negligence as a matter of law. We have examined the cases relied on by the defendant to support its contention, but do not believe the facts in those cases make them controlling in this case. The cases cited are Heidland v. Sears Roebuck & Co., 233 Mo. App. 874, 110 S. W. (2d) 795; Dempsey v. Horton, 337 Mo. 379, 84 S. W. (2d) 621; Lindquist v. S. S. Kresge Co. et al., 345 Mo. 849, 136 S. W. (2d) 303.

Defendant also contends that its demurrer should have been sustained because plaintiff's evidence shows that the condition of the step was merely a worn condition and was obvious and just as apparent to, or readily discoverable, by the plaintiff as the defendant. What we have said above disposes of this contention, because the condition in the step was not merely a worn place, but it left the metal plate extending above the concrete part of the step in such a manner as almost certain to cause a pedestrian to strike his foot against it and become unbalanced. Under the evidence, we certainly would not be justified in saying that the condition of the step as described by plaintiff was just as apparent to her as it was to the defendant. The cases cited by the defendant do not authorize such a conclusion. The cases relied on are Lappin v. St. Louis National League Baseball Club, 33 S. W. (2d) 1025; Myers v. Strauss, 264 S. W. 801; Mullin v. Sensenbrenner Merc. Co., 260 S. W. 982.

Defendant also contends that the evidence fails to show that the condition of the step complained of was not reasonably safe for pedestrians. This is a close case on the facts, but we think it was for the jury to say whether the metal plate extending above the concrete from one-fourth to one-half inch constituted a defect; it is a case where different minds might reasonably draw different conclusions in reference to that matter, and if so, the court should not sustain a demurrer to the evidence. In Stewart v. George B. Peck Co., 234 Mo. App. 864, 135 S. W. (2d) 405, this court held that a screw which projected above a metal plate on a stair step a distance of one-eighth to one-fourth of an inch would constitute an actionable defect, and we therein distinguished such a case from sidewalk cases. The defendant cites the case of Long v. F. W. Woolworth, 232 Mo. App. 417, 109 S. W. (2d) 85, but as we read that case, it is authority for our conclusion on this point, instead of supporting defendant's contention.

In O'Malley v. City of St. Louis (Mo.), 119 S. W. (2d) 785, the Supreme Court was discussing a set of facts showing that the third floor of the building in which plaintiff was injured was unfinished and that such condition was perfectly apparent to the plaintiff. Such is not the situation in the instant case. Here, the plaintiff, and the public generally, was invited to use this stairway.

It is also asserted by the defendant that, if such condition was not reasonably safe for use, the evidence fails to show that the de-

fendant knew such fact, and should have anticipated that some one was likely to be injured by reason thereof. What we have already said disposes of this contention. The condition had been brought about by pedestrians using the stairway and this would indicate that it had existed for some time; furthermore, plaintiff's evidence was that the ''worn'' or ''depressed'' place had been painted, and if so, this would indicate actual knowledge on the part of the defendant. The evidence supports the conclusion that the defect was one that did not come into existence at the time of, or immediately before, plaintiff's fall, but was of sufficient long standing to give defendant ample time in which to have discovered and repaired the same or taken some action to protect invitees from such defect. [Stewart v. George B. Peck Co., *supra*; Lewis v. National Bellas Hess, 152 S. W. (2d) 674.] We have examined the case of Mann v. Pulliam et al., 344 Mo. 543, 127 S. W. (2d) 426, and other cases cited by defendant, and find them not in point.

Under the facts in this case we conclude that on the issues of negligence and notice to the defendant, our conclusions are supported by Mastin v. Emery, Bird, Thayer D. G. Co., 140 S. W. (2d) 720, and State ex rel. Emery, Bird, Thayer D. G. Co. v. Shain, 154 S. W. (2d) 775.

Defendant criticizes plaintiff's Instruction No. 1 on two grounds; (1) that said instruction permits the jury to find for the plaintiff on facts which, even if true, would not render the defendant legally liable, and in support of that contention cites and relies on the same cases urged to sustain its demurrer to the evidence. Since we held against defendant on that contention, as above set out, we see no reason to discuss the same criticism leveled at Instruction No. 1, and we will not elaborate further on that point; (2) the second criticism of Instruction No. 1 is that it does not require the jury to find that defendant knew, or should have known, that the condition complained of was unsafe and dangerous. The instruction is rather long and we will only quote that part requiring the jury to make a finding concerning the knowledge of the defendant of the conditions there existing; such part is:

''And if you further find that said step had been in said uneven, concave, irregular condition of the surface and was' thereby dangerous, if you so find, for such length of time that defendant, its agents, servants and employees engaged in and operating said store for defendant, knew or by the exercise of ordinary care, prudence and caution could have known of and could have discovered said dangerous condition in time to have repaired, and could have repaired, remedied and abated the same prior to the time and occasion plaintiff claims to have been injured as herein complained of, if you so find, by exercising ordinary care, and failed to do so, and were thereby negligent, and by reason of said negligence, if so, plaintiff as a direct

result thereof was injured as herein described, then your verdict must be for the plaintiff.''

To support its contention defendant relies on an opinion of this court in the case of Long v. F. W. Woolworth Co., *supra*. A comparison of the instruction in this case with the one under consideration in the Long case will disclose they are not similar and that the above instruction is not subject to the criticism discussed in the Long case. By a fair reading of this instruction, on the point involved, after eliminating certain parts, the jury was told:

''And if you further find that said step had been in said uneven, concave, irregular condition . . . and was thereby dangerous . . . for such length of time *that defendant* . . . knew . . . of . . . said dangerous condition in time to have repaired, etc.''

We think this language requires the jury to find that the condition was dangerous and that the defendant knew of it for a sufficient length of time to have remedied such condition. An instruction which is not as specific and definite as this one was approved by the St. Louis Court of Appeals in Lithegner v. City of St. Louis, 125 S. W. (2d) 925, l. c. 933.

We find no reversible error in the case, and the judgment is therefore affirmed. All concur.