78 So.2d 709 (1955)
Daniel HANDEL, trading and doing business as the London Arms Hotel, Appellant,
v.
Jennie Y. RUDNICK, a widow, Appellee.
Supreme Court of Florida. Special Division B.
February 4, 1955.
Rehearing Denied February 22, 1955.
Blackwell, Walker & Gray, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham, J.B. Spence and Sam Daniels, Miami, for appellee.
*710 TERRELL, Justice.
Appellee, a paying guest at appellant's hotel in Miami Beach, while descending the stairs from the first floor to the lobby, caught her heel on a button protruding from one of the steps and catapulted to the tile floor below. She sustained a severe fracture of her right elbow, from which she had only a limited recovery. She was permanently disqualified to continue her occupation as hair dresser in that she lost the use of her right arm. She brought this suit alleging negligence on the part of her landlord and secured a verdict and judgment for $22,500. This appeal is from that judgment.
The only questions that are properly before us are (1) the verdict and judgment are not supported by competent evidence and (2) the verdict is excessive.
The evidence conclusively shows that the carpet covering the tile steps was removed in 1938, that the buttons which held it in place were left in the steps where they have remained and that the button on which appellee tripped protruded as much as the thickness of a silver dollar. Defendant had been operating the hotel nine months when the plaintiff was injured. The button had been in the steps for many years and during the period of defendant's lease the employees swept the stairs once or twice daily so there was no question that defendant was on knowledge of the defect. True, there are some conflicts in the evidence but there was ample evidence to support the verdict and judgment.
Defendant makes much ado about the smallness of the button but this may have been the very factor that made it dangerous. If it had been big as a chair or other furniture it might have put a guest on notice. Guests are entitled to assume that steps and passageways are clear and devoid of dangerous impediments. The contention that smallness is not dangerous as a matter of law has been repeatedly rejected. Haverkost v. Sears, Roebuck & Co., Mo. App., 193 S.W.2d 357; McGenty v. John A. Stephenson & Co., 218 Minn. 311, 15 N.W.2d 874; Stewart v. George B. Peck Co., 234 Mo. App. 864, 135 S.W.2d 405; Sullivan v. S.S. Kresge Co., 236 Mo. App. 1191, 163 S.W.2d 811; Lewis v. National Bellas Hess, Mo. App., 152 S.W.2d 674; Schroeffel v. Great Atlantic & Pacific Tea Co., 132 Pa.Super. 233, 200 A. 694; Schwartz v. Feinberg, 306 Mass. 331, 28 N.E.2d 249; Hellyer v. Sears, Roebuck & Co., 62 App.D.C. 318, 67 F.2d 584; Schoonmaker v. Poughkeepsie Sav. Bank, 288 N.Y. 578, 42 N.E.2d 26. The doctrine of these cases holds that it was a question for the jury.
Likewise the courts have subscribed to the general rule that where the circumstances are such that fair-minded men may differ as to what answer should be given to a charge of negligence, a jury question is presented. Could the danger alleged here have been removed by drawing the button, did it serve any useful purpose, was the stairway so frequently traveled that one was liable to trip on the button and fall to the tile floor, was it so insignificant as to be immaterial, or was it protruding enough to trip a guest if she struck it. These queries provoke presumptions or deductions on which men could differ and certainly were sufficient to evoke the judgment of a jury.
As to whether or not the verdict and judgment were excessive, the facts before the jury were equally as conclusive. Plaintiff was 58 years of age, she sustained a fracture of both bones in her right elbow, she was properly treated and had a limited recovery, she had previously worked for many years as a hairdresser at which she earned $50 per week. One year before the accident she established a hairdressing school which she was about to commence operating but was forced to abandon it because she was permanently disqualified to follow that business. She lost about 90 percent of the use of her right arm and cannot again work as a hairdresser. She had been idle for two years when the case was tried and had a life expectancy of fifteen years.
*711 Such were the considerations on which the jury drew its deductions. Appellant places a very different interpretation on them but the trouble is that under our law the jury and not the appellant are clothed with discretion to deduce the verdict and we have no power to disturb it if there is ample evidence to support it.
We find competent evidence to support the verdict so the judgment is affirmed.
Affirmed.
MATHEWS, C.J., and THOMAS, HOBSON and ROBERTS, JJ., concur.