155 So.2d 740 (1963)
ALLIED CHEMICAL CORPORATION, a New York corporation, Appellant,
v.
EUBANKS INDUSTRIES, INC., a Florida corporation, Appellee.
No. 62-637.
District Court of Appeal of Florida. Third District.
August 20, 1963.
*741 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellant.
Smathers & Thompson and David S. Batcheller, Miami, for appellee.
Before CARROLL, PEARSON, TILLMAN, and HENDRY, JJ.
PEARSON, TILLMAN, Chief Judge.
This is an appeal from an order granting a new trial. The order set forth the following ground:
"The Court finds that its order of September 15, 1961, striking from the complaint in Paragraph #8 the allegations of the plaintiff that it was entitled to damages caused by loss of its reputation resulting from the acts of the defendant, Allied Chemical Corporation, should have been considered by the Court as a demand by the plaintiff for damages to good will, which the Court finds is a recoverable element of damage; that the plaintiff has been deprived, therefore, of its opportunity to present that element of damages to the jury for its consideration in this case; that the jury, therefore could not and did not consider that element of damages in arriving at its verdict; that the verdict returned by the jury was grossly inadequate; that a miscarriage of justice has therefore resulted; that the Court's order of September 15, 1961, is hereby amended by modifying that order as it pertains to Paragraph #8 of the complaint and Paragraph #8 shall be considered as initially filed by the plaintiff in the complaint filed herein. * * *"
While the right to appeal from an order granting new trial is granted by § 59.04, Fla. Stat., F.S.A., such appeals are governed by § 59.07(4), which provides that the appellate court may consider only the ground or grounds specified by the trial judge in granting the motion. The appellant sued the defendant-manufacturer for breach of warranty. In its complaint it included the following claim for special damages:
"* * * and further has been deprived of additional contracts to manufacture the said Power Skis and has suffered additional losses to its reputation as a fibre-glass manufacturer by reason of the return by dealers and customers of the defective Power Skis, the failure of which said Power Skis was caused by the use of the product Plaskon, recommended and warranted by the defendants as aforesaid."
The allegations concerning loss of reputation were stricken from the complaint by an order on the pleadings. Thereafter, the court entered a summary judgment as to liability and the trial was had on the issue of damages. The jury returned a verdict for $10,000, and plaintiff's motion for new trial was granted.
We find that the trial judge was correct in his first determination of the question of damages in that special damages for loss of reputation are too speculative for allowance in a suit for breach of warranty. Armstrong Rubber Co., Inc. v. Griffith, 43 F.2d 689 (2d Cir.1930); Moran v. Standard Oil Co. of N.Y., 211 N.Y. 187, 105 N.E. 217 (C.A. of N.Y. 1914). See also 3 Williston, Sales § 614b, at 379 (Rev. ed. 1948).
On this appeal, the appellee appears to urge in support of the action of the trial court that the court's determination of the inadequacy of the verdict is a separate ground for the new trial distinct from the ruling as to the liability of the special damages for loss of reputation. We think that this position is not supported by a fair reading of the order granting *742 new trial. The trial judge's determination that the damages were not sufficient is inextricably bound to his determination that damages should have been allowed for loss of reputation. Even if a ground of inadequacy of the verdict were to be separately considered, the same result would follow because there is nothing in this record to support a holding that the damages returned were less than could have been returned by a jury acting upon the evidence before it, and the court is powerless to disturb a verdict if there is ample, competent evidence to support it. Handel v. Rudnick, Fla. 1955, 78 So.2d 709, 58 A.L.R.2d 1174.
We, therefore, reverse the order granting new trial and remand the cause for re-entry of the judgment.
Reversed and remanded.