195 So.2d 227 (1967)
MIAMI COIN-O-WASH, INC., a Florida Corporation, Appellant,
v.
Hazel McGOUGH and Leland McGough, Her Husband, Appellees.
No. 66-268.
District Court of Appeal of Florida. Third District.
February 7, 1967.
Rehearing Denied March 9, 1967.
*228 McDonald & McDonald, Miami, for appellant.
Preddy, Haddad & Kutner, Miami, for appellees.
Before PEARSON and SWANN, JJ., and WILLIAMS, GENE, Associate Judge.
GENE WILLIAMS, Associate Judge.
Defendant seeks review of a final judgment for plaintiffs in a negligence action.
The plaintiff-wife was injured when she tripped on a crevice or door-sill when leaving defendant's place of business, a coin-operated laundry.
Plaintiffs brought suit against the defendant alleging negligence. The defendant denied liability for negligence and pleaded contributory negligence on the part of the plaintiff. Subsequently, defendant moved for summary judgment, and during the trial moved several times for directed verdicts, all of which were denied by the trial court. During the course of the trial, several incidents occurred upon which defendant contends that the trial court erred in its ruling, only some of which will be discussed here.
Appellant's first contention is that the trial court erred in denying defendant's motion for summary judgment, motions for directed verdicts, and motion for judgment notwithstanding verdict, on the grounds that plaintiffs failed to prove a prima facie case of negligence and that plaintiff-wife was guilty of contributory negligence as a matter of law by failing to see that which she should have seen and avoided.
The owner, occupant or person in charge of the premises owes to the invitees of business visitors thereon, the duty of exercising reasonable care to keep the premises in a reasonably safe and suitable condition. Elmore v. Sones, Fla.App. 1962, 140 So.2d 59; Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366. He is not required to keep the premises absolutely safe, Breedings Dania Drug Co. v. Runyon, 147 Fla. 123, 2 So.2d 376, or in such condition that no accident could possibly happen to a customer. Matson v. Tip Top Grocery Co., supra. There is no duty to warn an invitee against patent or obvious conditions which are not dangerous per se. Bashaw v. Dyke, Fla.App. 1960, 122 So.2d 507; Bowles v. Elkes Pontiac Co., Fla. 1952, 63 So.2d 769; Matson v. Tip Top Grocery Co., supra. An invitee is under a duty to exercise reasonable care for his own safety and to observe that which is obvious and may be seen by one exercising such care. Earley v. Morrison Cafeteria Co., Fla. 1952, 61 So.2d 477. If there is room for difference among reasonable men as to the existence of a material fact sought to be established or as to a material inference which reasonably might be drawn from established facts, the case should be submitted to the jury. Handel v. Rudnick, Fla. 1955, 78 So.2d 709, *229 58 A.L.R.2d 1174; Smith v. Peninsular Insurance Company, Fla.App. 1965, 181 So.2d 212.
Applying the foregoing principles of law, it is our opinion that the trial judge was correct in submitting the questions of negligence and contributory negligence to the jury.
Appellant further contends that the trial court should have granted his motion for a new trial upon several grounds, one of which is based upon a statement by counsel for plaintiff in summation, the pertinent excerpt of which is as follows:
* * * * * *
"Gentlemen: In my humble judgment and I would not be here before you with this case and these people if I did not believe with all my heart that this is a case in which plaintiffs are entitled to your verdict * * *"
Defendant's counsel immediately objected thereto, moved to strike the statement and requested the court to caution the jury. The court stated:
"I think it is entirely up to the jury. I do not think it is a good argument."
All too frequently attorneys, in the heat of conflict or in their zeal in behalf of their cause, go beyond the bounds of propriety by injecting their own opinions into their arguments. An attorney should not assert in argument his personal belief in his client nor in the justice of his cause. 31 F.S.A. Ethics Governing Attorneys, Rule B, subd. 15. By doing so, an attorney removes himself from his position as an advocate and as an officer of the court and, in effect, becomes an additional witness for his client, not subject to cross examination. His knowledge of the case is purely hearsay or opinion evidence and would not be admissible from any witness. In this instance, although the trial judge did not formally strike the comment or caution the jury, it is our opinion that the court's comment was as effective in indicating to the jury that such argument was improper. Therefore, it is our further opinion that there was no error in this regard.
As further ground for appellant's motion for a new trial, the appellant has cited the proceedings which occurred when the jury returned to the courtroom twice with verdicts. The first time the jury returned to the courtroom, it announced it was returning a verdict in favor of the plaintiff-wife in the amount of $7,500.00 and nothing for the plaintiff-husband. The jury was thereupon asked to retire from the courtroom. At plaintiffs' attorney's suggestion, the trial judge agreed that the verdict was improper and that the jury should be instructed further. The defense attorney requested that a specific instruction be given to the jury to the effect that they could apportion the original amount of $7,500.00 between both plaintiffs. The jury was returned to the courtroom. The trial judge informed the jury concerning the defect in the verdict and instructed them again fully as to the elements of damages which might be considered by the jury in respect to each of the plaintiffs. The jury again retired and returned with a verdict for plaintiff-wife in the amount of $7,500.00 and for plaintiff-husband in the amount of $2,500.00. Defendant contends that defendant was prejudiced because it was not made clear to the jury that the jury could decrease the original amount awarded plaintiff-wife at the same time awarding plaintiff-husband the proper proportion of the damages. It is our opinion that the trial judge instructed the jury fully and that there was no error in this regard.
Having further considered all of defendant's remaining assignments of error, his citations of law and argument thereon, and finding no error therein, accordingly the final judgment appealed from should be and it is hereby affirmed.
Affirmed.