**Marguerite TROWELL, and Vernon Trowell, her husband, individually, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 80–123–Civ–Oc.

United States District Court,
M. D. Florida,
Ocala Division.

Nov. 19, 1981.

Louis C. Bouchard, Orlando, Fla., for plaintiffs.

Ernst D. Mueller, Asst. U. S. Atty., Jacksonville, Fla., for defendant.

## OPINION

CHARLES R. SCOTT, Senior District Judge.

On August 23, 1979, Marguerite Trowell and her husband were camping at the Alexander Springs Recreation Area in Lake County, Florida. This recreation area is part of a national forest and is administered by the Seminole Ranger District of the United States Forest Service. During her second night there, Marguerite Trowell tripped over a parking barrier adjacent to her campsite and fractured her elbow. An administrative claim for medical expenses arising out of this injury was filed and denied, resulting in this tort claims suit, which was timely filed. See 28 U.S.C. §§ 2674 *et seq.* The complaint alleges that the Forest Service was negligent in painting the barrier a dark color, in failing to place reflectors on the barrier, and in failing to provide adequate lighting in the parking area. A trial was held on October 20, 1981.

The evidence presented showed that Alexander Springs is a beautiful recreation area consisting of a clear natural spring which forms the headwaters of the Alexander Springs Creek, and approximately 40 acres of forestland on which approximately 60 campsites are located. Bathroom facilities, including showers, are maintained there by the Forest Service, but there is no electrical power, and hence, no lighting except for natural light. The campsites are spread out, with an individual drive leading to each campsite, at the end of which a parking barrier is located. A nominal fee is charged for the use of the facilities.

The Trowells arrived at the recreation area at about Noon on August 22, 1979, and selected campsite 35, located on Loop C. Camped on the site adjacent to theirs, which was designated number 38, were Sharon Little and Ronald Little, Mrs. Trowell's daughter and son-in-law. Mrs. Trowell's fall occurred at 11:00 P.M. on the night of August 23, 1979. She had been playing a game of cards with her family in a fabric screen enclosure which was illuminated by two Coleman lanterns, set up on campsite 38, when her son-in-law indicated he needed some Alka Seltzer. Mrs. Trowell walked across her own campsite, number 35, to the parking slip where her camper was parked, approximately four feet from the end of the slip where the parking barrier was located. She retrieved the Alka Seltzer from her purse in the camper and upon walking back toward campsite 38, tripped over the end of the parking barrier.

The parking barrier in question was approximately 18 inches high, was about the same width as the parking slip, which accommodated only a single vehicle, was constructed out of wood, and was painted a natural brown. The testimony of F. Norman Heintz, a Forest Service architect, indicated that the parking barrier had the functional purpose of preventing vehicles from entering the campsite, and was designed with the purpose of enhancing recreational opportunities while protecting the site. Such facilities, he stated, are designed so that they perform their intended function, and yet harmonize with the natural environment as much as possible in form, color and texture. Color schemes that are found in the forest soil or vegetation are preferred. Photographs of the parking barrier in question which were placed in evidence show that it does blend in with the natural surroundings, and is as unobtrusive as such a structure can be. No defect in the parking barrier, other than its supposed lack of visibility, was either alleged or proven. Moreover, there was no testimony which suggested that the parking barrier did not adequately serve its intended function, i. e., keeping vehicles out of the campsite itself.

Marguerite Trowell testified that she was familiar with the dimensions and location of the parking barrier by virtue of having been at the campsite for a day and a half before her fall. Moreover, contrary to the allegations in the complaint, she stated that the area around the parking barrier was fully visible to her, even at 11:00 P.M., because of the illumination coming from the Coleman lanterns in the fabric screen enclosure located on campsite 38. This testimony was corroborated by that of her son-in-law, who testified that the area was illuminated and that the parking barrier was visible at the time of the accident. Mrs. Trowell stated she was looking at the illuminated screen enclosure on campsite 38 where her family was, and not at the ground in front of her, when she tripped over the end of the parking barrier.

██ The United States, in tort claim actions, is liable to the same extent and in the same manner as a private individual. 28 U.S.C. §§ 1346(b), 2674. Accordingly, the law of the place where the alleged negligence occurred must be applied to determine whether liability exists. *Richards v. United States*, 369 U.S. 1, 11–12, 82 S.Ct. 585, 591–592, 7 L.Ed.2d 492 (1962). Under Florida law, the determination of whether a person is an invitee is based upon the "invitation test" set forth in the Second Restatement of Torts. *Wood v. Camp*, 284 So.2d 691 (Fla.1973); *Post v. Lunney*, 261 So.2d 146 (Fla.1972). The invitation test provides as follows:

(1) An invitee is either a public invitee or a business visitor.

(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

*Restatement (Second) of Torts* § 332. A person is an invitee if the invitation to enter or remain on the premises is express

or can reasonably be implied from the circumstances. *Wood v. Camp, supra.* In view of the foregoing authority, it is clear that plaintiff was a public invitee since it can reasonably be implied from these circumstances that she was invited to enter the recreational area as a member of the public for the purpose for which the recreational area was held open to the public.

The owner or occupant of the premises owes to invitees the duty of exercising reasonable or ordinary care under the circumstances to keep the premises in a reasonably safe condition. *Wood v. Camp, supra; Heath v. First Baptist Church,* 341 So.2d 265 (Fla.2d D.C.A.1977); *Winn-Dixie Montgomery, Inc. v. Petterson,* 291 So.2d 666 (Fla.1st D.C.A. 1974). The owner or occupant is not required to ensure that the premises are absolutely safe. *Miami Coin-o-Wash, Inc. v. McGough,* 195 So.2d 227 (Fla.3d D.C.A. 1967). Furthermore, there is no duty to warn an invitee of visible or obvious hazards. *Miami Coin-o-Wash, Inc. v. McGough, supra; Bashaw v. Dyke,* 122 So.2d 507 (Fla.1st D.C.A. 1960).

The Alexander Springs Recreation Area is part of a national forest and has been carefully designed to preserve the natural environment as well as provide safe and appropriate facilities for the public. The evidence does not establish that defendant failed to exercise ordinary care in maintaining the recreational area in a reasonably safe condition. In view of the circumstances and the purpose of the recreational area, it is clear that defendant did not breach its duty of care by failing to place reflectors on the parking barriers and lights in the parking areas.

The Court further finds that plaintiff's negligence was the sole proximate cause of her injury. An invitee has a duty to exercise reasonable care for his own safety and to beware of patent or obvious conditions. *Miami Coin-o-Wash, Inc. v. McGough, supra.* Where a person proceeds in the dark and is injured by an encounter with an impediment which he knew or should have known existed, he is guilty of negligence as a matter of law. *Brant v. Van Zandt,* 77 So.2d 858 (Fla.1954) (en banc). The only exception to this general rule is where the person's attention is "diverted from the danger by a disturbing situation, as where he was confronted by an emergency or acted to save a life." *Id.* at 862. Mere forgetfulness does not excuse the failure to avoid a known peril. *Id.; Beebe v. Kaplan,* 177 So.2d 869 (Fla. 3d D.C.A. 1965). The evidence in the case at bar establishes that prior to the accident Mrs. Trowell was aware of the location of the parking barrier and that at the time of the accident the area around the parking barrier was visible because of illumination coming from the Coleman lanterns located on campsite 38. Mrs. Trowell was not confronted with an emergency which might excuse her forgetfulness of the location of the parking barrier. Consequently, it is clear that Mrs. Trowell was negligent in failing to avoid a known and obvious condition, and that her negligence was the sole proximate cause of her injury.

The Supreme Court of Florida has adopted a "pure" comparative negligence rule. *Hoffman v. Jones,* 280 So.2d 431 (Fla.1973). Under this comparative negligence rule, if both the plaintiff and defendant are at fault, the plaintiff can still recover, but his recovery is limited to the proportion of the damages sustained by the plaintiff that were proximately caused by the defendant's negligence. *Id.* The plaintiff is barred from recovering damages when the negligence of the plaintiff or the negligence of persons other than the defendant is the sole proximate cause of the injury. *Id.* Therefore, since Mrs. Trowell's negligence was the sole proximate cause of her injury, she is barred from recovering damages.

Vernon Trowell, Mrs. Trowell's husband, has filed a claim against defendant for medical expenses incurred on behalf of Mrs. Trowell and for loss of consortium. In view of the foregoing findings of the Court, Mr. Trowell is not entitled to recover the relief sought.